BARNS, PAUL D., Associate Judge.
The appellant-plaintiffs — hereinafter referred to as “Miller” or the “Millers”— brought suit in equity against Martin County, (naming the County Commissioners) and the Central and Southern Florida Flood Control District, (naming its Commissioners) hereinafter referred to as FCD ; a motion of FCD to dismiss was sustained and the action dismissed as to it; Martin County filed an answer and after taking of testimony a final decree dismissing the action was entered in favor of Martin County, from which latter decree this appeal was prosecuted by the Millers. We find no prejudicial error and affirm.
Plaintiff-appellants filed an original complaint and two amended complaints the last of which reaffirms all allegations of the other complaints. From their allegations the following facts are alleged.
The “FCD” needed an easement through plaintiffs’ 80 acres for flood control and conservation of water by construction of a canal, which when constructed would leave about 10 acres of appellants’ land an island; the proposed canal also bisected Murphy Road which would cut off Miller’s access from the north to the 10 acres unless Murphy Road was bridged over the canal; Murphy Road extended by a bridge over Bessey Creek to the south of Miller’s land, which bridge provided access to the 10 acres from the south; the road was a County road of Martin County running north and south.
It is further alleged that the FCD agreed that if Miller would grant them an easement the FCD would pay the cost of the construction of a bridge on Murphy Road where it would be severed by the canal. Miller granted FCD the easement October 20, 1960.
It is further alleged that the County Commissioners on October 11, 1960 granted the FCD permission to run the canal across Murphy Road and after the canal was dug that the County constructed a dam or plug across the canal near Murphy Road so as to facilitate the construction of the bridge at that place; that after Miller had granted the easement to FCD, other persons interested induced the County to change the location of the Murphy Road bridge to a point 1700 feet west and to abandon the contemplated bridge over the canal which would have given Miller a roadway to his 10 acres from the north; the bridge was built at the new location by the County at a cost of $43,000 to be paid for by FCD; the bridge has been completed.
Thereafter, Miller constructed a low level bridge over the canal from his other land to his 10 acre island; because of this the County resolved to remove the Bessey Creek Bridge so as to improve navigation, which bridge, pending this action, was destroyed by fire of unknown origin, leaving Miller without access to his 10 acre island from the south. The FCD now threatens to remove the dam or plug at Murphy Road so as to have the full benefit of the canal.
Appellants-plaintiffs-Millers seek an injunction (1) restraining FCD from removing the plug or dam until the FCD shall provide a permanent bridge or road as originally contemplated (2) restraining FCD from paying the County for the construction of the bridge built 1700 feet to the west and (3) to require FCD and the County to reimburse him for the expenses of the construction of plaintiffs’ low level bridge over the canal to his 10 acre island and cost of making said bridge usefully accessible.

Murphy Road Bridge

The testimony seems to substantiate the allegations of complaint, except as hereinafter noted. It appears that the County was to build the Murphy Road Bridge over the canal and to be reimbursed by FCD; that it was to be a low level bridge which feature was objected to before the County had let a contract for its construction; the objectors either wanted a high level bridge at Murphy Road or else the bridge to be built *292 1700 feet to the west, if it were to be a low level bridge; the County made it known that it would and could not pay for the additional cost of a high level bridge at Murphy Road and that if the bridge was to be a low level bridge it would build it 1700 feet to the west or up stream so as to facilitate greater use of the waterway down stream from the bridge.
The proposal to change the location of Murphy Road Bridge was first submitted to the County Commissioners at a meeting on May 9, 1961; it was taken under advisement; on June 13, 1961 the County resolved to ask for alternative bids as to both locations with a high level bridge at the former location. On August 8, 1961, the County accepted the bid for construction of the bridge to be built at the new location which was $2,061.70 less than the high level bid at the former location; Mr. Miller, through his attorney, protested (Mr. Miller was in Europe); subsequently on October 16, 1961, Mr. Miller offered to pay the difference but the County refused it because of the County commitments already made in respect to the bridge at the new location. The County was to be reimbursed by FCD for its cost of construction of the bridge. This action was commenced January 19, 1961.
The FCD dealt with the County and Miller separately. There was no formal contract between Miller and the FCD regarding the construction of a bridge over the canal aligned with Murphy Road but FCD contemplated it to be the way. FCD was to pay for the construction of the bridge and its legal position and attitude seems to be reflected by an extract from a letter from FCD to the County Commissioners dated May 29, 1961 as follows:
“ * * * At the time of forwarding said letter the District had not researched their files, but subsequent to that date a search has revealed that during the negotiations for the necessary right of way the owner was verbally informed the Murphy Road bridge would be replaced across the proposed new channel to be excavated. Of course, at that time, it was never considered that the bridge would be built anywhere except in the alignment of the existing road.
“Therefore, the Central and Southern Florida Flood Control District recommends that the contemplated bridge be constructed at the same location as originally intended. The District has cooperated with Martin County in this venture and would appreciate the cooperation of Martin County by following the above recommendation.”
and from its letter to the County Commissioners dated October 25, 1961, as follows:
“ * * * In view of the fact that unrestricted boating access was a major consideration given for the recommendation to move the location for the proposed bridge upstream of Murphy Road, this District feels that proper consideration should be given to the higher level bridge at the originally proposed location in connecting the existing road as was previously recommended, as it would appear to better serve those persons involved on the north side of Bessey Creek who now use Murphy Road as their means of access.
“It is the position of this District that any loss or severance damages resulting from the construction of Canal 23 have been satisfied by our agreement to contribute for the construction of a new bridge, and that any claim for damages due to location of the bridge is the obligation of others and not this District.”

Bessey Creek Bridge

On October 31, 1961, Mr. Miller, attending a meeting of the County Commissioners, inquired:
"Mr. Miller: ‘Well it is my understanding that the County is going to maintain Bessey Creek Bridge.’
"Chairman Wacha: ‘Yes sir.’”
*293 On November 14, 1961 at a meeting of the County Commissioners attended by Mr. Miller, he was advised by the County Commissioners that if he built a low level bridge over the canal connecting his property that the Bessey Creek Bridge would be removed; and on December 26, 1961 the County Commissioners passed a resolution reciting that since Mr. Miller had obtained a permit from FCD to construct a low level bridge over C-23 between his island and his other property that Bessey Creek Bridge be removed upon completion of the bridge at the new location; Miller proceeded to build his low level bridge and the County took further proceedings toward removal of Bessey Creek Bridge but before removal it burned by fire of unknown origin.

Plug or Dam of Canal C-23

This obstruction is west of Miller’s property and west of the right-of-way of Murphy Road and is an obstruction to the free use of the canal by FCD under its easement. It was for use in the building of Murphy Road Bridge when it was intended to build the bridge on alignment with Murphy Road.
County Commissioners are authorized by F.S. section 125.01(5), F.S.A. “To alter, lay out, maintain, establish, vacate or discontinue any road or highway in their respective counties” and F.S. section 336.08 F.S.A. provides that “The board of county commissioners may establish, locate, change or discontinue public county roads, by resolution.” Thus it appears that the County Commissioners were authorized to alter the course of Murphy Road to the new route for which the County has already disbursed $44,744.27, in the construction of the bridge on the altered route or course of the road.
 The facts of this case show no reason in equity why the FCD should now be enjoined from paying for the construction of the bridge according to its agreement with the County. The plugs or dam in the FCD’s canal is west of the former right-of-way of Murphy Road and the County is under no legal duty to provide a bridge over the canal since the County has altered the course of Murphy Road and it appears that FCD has a right to remove the plug; and since the Bessey Creek Bridge has been destroyed by fire all questions presented relating to its removal have become moot.
The decree appealed is affirmed.
SHANNON, C. J., and SMITH, J., concur.