SMITH, Chief Judge.
The appellants, defendants in the trial court, take this interlocutory appeal from an order entered in chancery denying their motions to dismiss the plaintiff-appellees’ third amended complaint. The question on appeal is: Does the complaint state a cause of action? We answer the question in the negative and reverse.
Plaintiffs’ third amended complaint alleges that the plaintiffs and the class they represent constitute all of the residents of the unincorporated town of Olga which is located on both sides of the Caloosahatchee River in Lee County; that until its recent removal the two parts of the town were connected by a public bridge which had been in existence for many years; that the defendants, Central and Southern Florida Flood Control District and the County Commissioners of Lee County, entered into an agreement whereby the Flood Control District agreed to pay a sum of money toward the cost of a new bridge at a different location in exchange for which the County Commissioners purported to release the Flood Control District from ,its obligation to replace the bridge at Olga, which it was necessary for the Flood Control District to remove in connection with its project of widening the river; that the agreement and release were of no effect because the bridge formed a part of the state highway system over which the County Commissioners had no authority; that the Flood Control District is under a duty to replace the bridge; and that the agreement amounts to an acknowledgment by it of that duty.
The complaint further alleges that the removal of the bridge amounted to an attempted vacation of a public highway by the Flood Control District, which is without authority to vacate any public road, or, in the alternative, that the agreement constituted- an acceptance by the County Commissioners of the Olga bridge road as a county road after relocation of the state road and that the County Commissioners *370 did not validly vacate the county road because no public notice was given and no public hearings were held.
The complaint then alleges that the highway of which the Olga bridge formed a part was a state road; that the state road was relocated over the new bridge by the State Road Department when it knew that the Olga bridge would have to be replaced; that the relocation of this state road amounted to a gross abuse of discretion on the part of the State Road Department because the new bridge is located five miles west of the former Olga bridge in an area much more sparsely populated than the Olga area; that no legitimate public purpose could have been served by the relocation; that the relocation deprived the residents of Olga of any practical ingress and egress across the river without any correlative benefit to the public at large; and that the State Road Department did not give notice or hold any public hearings in connection with the relocation.
The complaint continues by alleging that the State Road Department did not abandon the Olga road after the relocation; that it remained under a duty to maintain the Olga road; and that it failed to perform its duty to provide a practical alternate route following the removal of the bridge; that the State Road Department had knowledge of and acquiesced in the agreement between the County Commissioners and the Flood Control District; that the removal of the bridge necessitates the residents of one part of Olga traveling a minimum of ten miles to get to the other part; and that the road now necessary for them to travel is in bad condition.
The complaint concludes by alleging the decrease in value of property in Olga, the loss of business and the adverse economic effects of the removal of the bridge without replacement, all of which allegedly amounts to a deprivation of the property of the plaintiffs without due process of law and results in irreparable damage to the plaintiffs. The complaint prays for an order requiring the defendants to replace the Olga bridge.
The relief sought by the plaintiffs is the court’s mandatory injunction. In such a complaint every necessary fact should be clearly, definitely and unequivocally alleged and there must be something more than the conclusions and opinions of the plaintiffs to authorize interposition of the court by mandatory injunction. 17 Fla. Jur., Injunctions, § 76. The subject matter of the suit is in the nature of abating a nuisance and the rules of pleading applicable to suits for injunction generally apply in suits to enjoin a nuisance. 23 Fla.Jur., Nuisances, § 85. In the main the allegations of the complaint are conclusory and consist of opinions. The plaintiffs do not allege that they have been deprived of ingress and egress; they allege only the conclusion that they are deprived of practical ingress and egress across the river. Compare: Daugherty v. Latham, 1937, 128 Fla. 271, 174 So. 417, where the highway sought to be closed constituted the plaintiff’s only means of ingress and egress. See, Daugherty v. Latham, 1939, 139 Fla. 477, 190 So. 742. We see nothing more in the complaint than an expression by the plaintiffs of their dissatisfaction with actions of governmental bodies and an attempt by them to compel these authorities to replace a bridge at a site which will preserve their former convenience and economic advantage.
To grant relief on the plaintiffs’ allegations would require the court to substitute its judgment for that of the duly constituted authorities who are vested by law with the authority to locate and relocate highways and bridges in the state. This no court should do even though the facts alleged depict an area inconvenienced and hurt financially through such relocation. The relocation of any public highway involves to varying extents and degrees some inconvenience and financial detriment to those left on the former location and we see no special injury differing *371 not only in degree but in kind from that which any community suffers by such relocation.
The duty and responsibility of weighing the injury thus occasioned against the public convenience in travel is vested in the State Road Department as to the state highway system and the Board of County Commissioners as to county roads, and their exercise of these governmental functions is limited only by the lawful exercise of their discretion. If the actions of governmental agencies do not exceed their lawful authority, the courts should not substitute their judgment for that of the governmental agencies. State v. Florida State Improvement Commission, Fla.1954, 75 So.2d 1; Webb v. Hill, Fla.1954, 75 So.2d 596; Pirman v. Florida State Improvement Commission, Fla.1955, 78 So.2d 718 (cert. den. 349 U.S. 956, 75 S.Ct. 885, 99 L.Ed. 1279); Lewis v. State Road Department of Florida, Fla.1957, 95 So.2d 248 (cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261).
 Ordinarily, no person has a vested right in the maintenance of a public highway in any particular place; the state owes no duty to any person to send public traffic past his door. Jahoda v. State Road Department, Fla.App. 1958, 106 So.2d 870. In matters concerning the abandonment of roads, the law accords a wide latitude of discretion to the State Road Department as to state roads and to the Board of County Commissioners as to county roads and such discretion will not be disturbed in the absence of a clear abuse thereof or the invasion of property rights. Wedner v. Escambia Chemical Corporation, Fla.App. 1958, 102 So.2d 631; Miller v. Martin County, Fla.App.1963, 151 So.2d 290.
The complaint contains no statement of facts and the plaintiffs have cited no rules of law to support their various conclusions that the actions of the defendants were illegal or unauthorized. For example, no facts or rules of law are pleaded or cited indicating that the alleged agreement amounted to an acceptance by the county of the bridge as a part of the county road system or that the notice and hearing provisions of § 336.10, Fla.Stats., F.S.A., are applicable to the action of county commissioners in executing agreements of the kind alleged here. Likewise, no facts or rules are pleaded or cited indicating that the State Road Department is required to give notice or hold hearings before it relocates or abandons a state road or a bridge which formerly formed a part of a relocated state road or that the department is required to replace a bridge such as this by the detour provisions of § 335.15(1), Fla.Stats., F.S.A. The same objection applies to the plaintiffs’ conclusions that the Flood Control District was under a duty to replace the bridge, that the purported release was ineffectual because the County Commissioners have no authority over a state road, and that the removal of the bridge without replacement amounted to an attempted vacation of a public highway by the Flood Control District. Even if it were assumed that the Flood Control District was under some duty or that it incurred some obligation with respect to the bridge, these latter allegations fail to take into account the fact, also alleged, that the State Road Department had knowledge of and acquiesced in the alleged agreement between the County Commissioners and the Flood Control District. Finally, even if it could be said that the removal of the bridge without replacement was unlawful or unauthorized, the consequent interference with' the plaintiffs’ right of passage constitutes an injury common with the public loss of a right of passage over the bridge, and the plaintiffs, having failed to allege facts showing that they suffer special injury differing not only in degree but in kind from those suffered by the public, have no private right of action. Brown v. Florida Chautauqua Ass’n, 1910, 59 Fla. 447, 52 So. 802; Bozeman v. City of St. Petersburg, 1917, 74 Fla. 336, 76 So. 894; Henry L. Doherty & Co. v. Joach *372 im, 1941, 146 Fla. 50, 200 So. 238; Wedner v. Escambia Chemical Corporation, supra.
The appealed order is reversed with directions to grant the defendants’ motions to dismiss for failure to state a cause of action.
KANNER, (Ret.), J., concurs.
WHITE, J., dissents with opinion.