HENDRY, Judge.
Appellants, who were defendants below, seek review of an order of the trial court declaring invalid an ordinance of the City of North Miami, and enjoining the city and co-defendant, Sun Oil Company, from vacating, discontinuing or altering an alleyway.
The order appealed contains an adequate recitation of the material facts:
“3. That the alleyway running through Block ‘A’ from 135th Street to *440 Opa Locka Boulevard and the planting area was dedicated to the perpetual use of the public for proper purposes, reserving to the original platters, their heirs, successors and assigns, the reversion or reversions thereof wherever discontinued by law.
“4. That the Plaintiffs are the owners of the real property described as:
“Lots 1 through 6 inclusive, and the South fifteen (15') feet of Lot 7, all in Block ‘A’, NICHOLS HEIGHTS, according to the Plat thereof, recorded in Plat Book 46, at page 93 of the Public Records of Dade County, Florida, which property adjoins and abuts the alleyway mentioned above.
“5. That the Defendant, City of North Miami, did on April 26, 1966, pass Resolution No. 1178 to effect an abandonment and vacation of said alleyway only as it pertains to that portion adjoining and abutting Lot 7, Block ‘A’ and Lot 26, Block 2 of said subdivision, and to sell said portion to to [sic] the Defendant, Sun Oil Company.
“6. That Defendant, Sun Oil Company, is the owner of the real property described as follows :
“lots 3, 4, 6 and 26, Block 2 and Lot 7, Block ‘A’, NICHOLS HEIGHTS, according to the Plat thereof, recorded in Plat Book 46, Page 93, of the Public Records of Dade County, Florida.”
Based upon the above findings, the trial court ordered:
“1. That Ordinance No. 1178 passed by the City of North Miami on April 26, 1966 is and the same is hereby declared invalid as it affects the alleyway in Block ‘A’ of Nichols Heights, Plat Book 46 at Page 93 of the Public Records of Dade County, Florida, and further as said ordinance alters the existence of said alleyway running through Block ‘A’ Northwest 135th Street to Opa Locka Boulevard as reflected by the Plat originally filed.
“2. That the Defendants, Sun Oil Company, a New Jersey corporation, and The City of North Miami, a Municipal corporation, be and each is hereby permanently enjoined and restrained from vacating, discontinuing the use of and altering said alleyway running through Block ‘A’ and also the planting area in said Block of Nichols Heights, and each of the Defendants will instanter remove any and all obstructions preventing ingress and egress of the public to said alleyway.”
It is appellants’ contention that the City of North Miami had the right and the authority to vacate or discontinue the alleyway and that, this being so, the trial court erred in prohibiting such action. We agree with that contention.
City or town councils are delegated the authority to vacate or discontinue streets or alleys by § 167.09, Fla.Stat., F.S.A., the pertinent portions of which provide:
“* * * [A]nd the said city or town council or commission may alter, widen, fill in, grade, pave, change or divert the use of all or any part thereof or discontinue any public park, public square, street, avenue, highway or any other way which has heretofore been or shall hereafter be laid out, either by cities or persons, natural or artificial, fixed or established in any manner whatsoever; * * *»
A wide latitude of discretion is accorded to the government agency by the law applicable in such cases, and the exercise of that discretion will not be disturbed in the absence of a clear abuse thereof or unless there occurs an invasion of property rights. Central and Southern Florida Flood Con. Dist. v. Scott, Fla.App.1964, *441 169 So.2d 368; Wedner v. Escambia Chemical Corporation, Fla.App.1958, 102 So.2d 631. Generally, no person has a vested right in the maintenance of a public highway in any particular place. Central and Southern Florida Flood Con. Dist. v. Scott, supra; Jahoda v. State Road Department, Fla.App.1958, 106 So.2d 870, 871. It is true, as appellees contend, that the public places and rights-of-way of a municipality are held in trust by the authorities for the benefit of the public to be used for proper purposes; however, it is well settled that this public trust concept does not prevent the abandonment, vacation or discontinuance of streets when done in the interest of the general welfare. The fact that title to the public place so vacated or discontinued may revert to the adjacent owner is of no consequence if the power to vacate is present and such power lawfully exercised. Loeffler v. Roe, Fla.1954, 69 So.2d 331, 47 A.L.R.2d 319; Woodlawn Park Cemetery Co. v. City of Miami, Fla.App.1958, 104 So.2d 851. On the basis of the foregoing, we reach the conclusion that appellant, City of North Miami, acted within the scope of its authority in passing ordinance No. 1178.
There was a question raised on appeal regarding appellees’ standing to sue. See: O’Dell v. Walsh, Fla.1955, 81 So.2d 554; Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla.1952, 61 So.2d 913; Linning v. Board of County Commissioners of Duval County, Fla.App.1965, 176 So.2d 350; Dan Dee Corporation v. Samuels, Fla.App.1960, 124 So.2d 733; Wedner v. Escambia Chemical Corporation, supra. However, this point was never presented before the trial court, and in view of our prior conclusions, we deem it sufficient to state that appellees have not shown that the exercise of the city's authority in this instance has resulted in an invasion of any property right. See McLeod v. Carr, Fla. 1956, 90 So.2d 112. Therefore, for the reasons above expressed, the order appealed must be reversed.
Reversed.