Mr. Parks M. Carmichael Chiefland City Attorney Gainesville, Florida
Dear Mr. Carmichael:
You ask the following questions:
1. May a municipal legislative body vacate a street or alley by resolution as well as by ordinance?
2. May such ordinance be adopted as an emergency ordinance, if an ordinance is required?
In sum:
1. Within the purview of the definitions of the words "ordinance" and "resolution" contained in section 166.041, Florida Statutes, it would appear that, at least with respect to the permanent vacating of a street or alley by a municipal legislative body, the more appropriate procedure would be the adoption of an ordinance rather than a resolution.
2. If it reasonably appears to a municipal legislative body that to follow the procedure for adopting nonemergency ordinances pursuant to section 166.041, Florida Statutes, would result in serious injury or damage to the people, the government, or the community directly concerned, then the emergency procedure may be followed.
Question One
The legislative and governing body of a municipality was formerly delegated the authority to vacate or discontinue municipal streets or alleys by section 167.09, Florida Statutes 1971, the pertinent portion of which provides that
"the said city or town council or commission may alter, widen, fill in, grade, pave, change or divert the use of all or any part thereof or discontinue any public park, public square, street, avenue, highway or any other way which has heretofore been or shall hereafter be laid out, either by cities or persons, natural or artificial, fixed or established in any manner whatsoever."
Pursuant to this statutory authority, a municipal legislative body had wide discretion to vacate municipal streets and alleys, or portions thereof, in the interest of general welfare, even when the street or alley so vacated reverted to adjacent landowners.See Loeffler v. Roe, 69 So.2d 331 (Fla. 1954); Woodlawn ParkCemetery Company v. City of Miami, 104 So.2d 851 (Fla. 3d DCA 1958). Moreover, the exercise of such discretion was not disturbed by the courts in the absence of a clear abuse thereof or unless there occurred an invasion of property rights. Central andSouthern Florida Flood Control District v. Scott, 169 So.2d 368
(Fla. 2d DCA 1964); Sun Oil Company v. Gerstein, 206 So.2d 439
(Fla. 3d DCA 1968).
Chapter 167, Florida Statutes 1971, including section 167.09, was repealed by Chapter 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Chapter 166, Florida Statutes). However, section 5 of Chapter 73-129 (now section 166.042, Florida Statutes) provides that the repeal of the chapters of the Florida Statutes enumerated therein, including Chapter 167, "shall not be interpreted to limit or restrict the powers of municipal officials," and that it is the legislative intent that
"municipalities continue to exercise all the powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe."
Thus, I am of the opinion that the legislative and governing bodies of municipalities may continue to exercise the authority formerly delegated by section 167.09, subject only to the otherwise valid terms and conditions which they choose to prescribe. Cf. Penn v. Pensacola-Escambia Government CenterAuthority, 311 So.2d 97, 101 (Fla. 1975); Ops. Att'y Gen. Fla. 74-274 (1974) and 75-101 (1975).
As to whether the action of a municipal legislative and governing body in vacating a street or alley should be in the form of an ordinance rather than a resolution, it is a general rule that the power to vacate a street may be exercised by resolution, as well as by ordinance, where the law does not prescribe any particular mode of exercise. See, 39 Am. Jur.2d Highways, Streets, andBridges s. 146, p. 520; 11 McQuillin Municipal Corporations s. 30.196.
In this regard, section 167.09, Florida Statutes 1971, did not specifically prescribe the procedure for vacating streets and alleys. Nor does Chapter 166, Florida Statutes, specifically address this issue. However, section 166.041(1) defines the word "ordinance" as used therein to mean "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law"; and the word "resolution" is defined to mean "an expression of a governing body concerning matters of administration, an expression of a temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body." Section 166.041(1)(b). These statutory definitions are consistent with the general description of an ordinance as prescribing some permanent rule of conduct or government and a resolution as dealing with matters of a special or temporary character. See 5 McQuillin Municipal Corporations s. 15.02, p. 43.
Applying these definitions to the instant inquiry, the vacating of a street or alley is a legislative action. See, s. 167.09, Fla. Stat. 1971; 11 McQuillin Municipal Corporations s. 30.196. Thus, it would appear that, at least with respect to the permanent vacating of a street or alley, the more appropriate procedure would be the adoption of an ordinance rather than a resolution.See, 5 McQuillin Municipal Corporations s. 15.04; cf. Sun Oil Co.v. Gerstein, supra, construing a municipal ordinance providing for the vacating of an alley. Such procedure would allow ample opportunity for those persons affected by the permanent vacating to advise the municipal legislative body as to their thoughts on the matter. See 39 C.J.S. Highways s. 121, p. 1056; cf., s.336.09(2), Fla. Stat., requiring a board of county commissioners to set a definite time and place for a public hearing to consider the advisability of vacating a road under its control.
Question Two
As to whether an ordinance providing for the vacating of a street or alley may be adopted as an emergency ordinance pursuant to section 166.041, Florida Statutes — establishing the minimum procedural requirements for the adoption of municipal ordinances — the initial determination of the existence vel non of an emergency is, of course, a matter for the municipal legislative body. See, State ex rel. Swift v. Dillon, 79 So. 29 (Fla. 1918);McCall v. State, 23 So.2d 492 (Fla. 1945); and Glackman v. Cityof Miami Beach, 51 So.2d 294 (Fla. 1951). However, such determination is subject to judicial review and may be struck down for unreasonableness. See, State ex rel. Cole v. Keller,176 So. 176 (Fla. 1937); and Fuller v. Garden, 190 So. 442, 444 (Fla. 1939), in which it was stated that an ordinance which directed the city manager to contract with attorneys to conduct certain special litigation for the city could not be adopted as an emergency ordinance because "[t]here is no showing of an emergency or that the health, peace, safety, and property would suffer if the ordinance was permitted to take the regular course." The latter statement is consistent with the general rule that the purpose of emergency legislation is to enable the legislative body to provide immediate action in order to prevent or remedy a condition or situation which is of such a nature that to postpone such action would result in serious injury or damage to the people, the government, or the community directly concerned. See, 5 McQuillinMunicipal Corporations s. 15.40, p. 124.
In answer to your second question, therefore, if it reasonably appears to a municipal legislative body that to follow the procedure for adopting nonemergency ordinances pursuant to section166.041, Florida Statutes, would result in serious injury or damage to the people, the government, or the community directly concerned, then the emergency procedure may be followed.
Sincerely,
Robert L. Shevin Attorney General
Prepared by: Gerald L. Knight, Assistant Attorney General