## HILTON *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

A breach of a condition subsequent may destroy the party's right under the contract, or may give a right to damages to the other party, according to a true construction of the contract. The law inclines to construe conditions subsequent as remediable in damages. Where land is conveyed to be used for a certain purpose, with a clause of forfeiture if it cease to be used for the object specified, the whole estate is not forfeited if the land be put to some minor use, provided that in the main it is used for the purpose for which it was conveyed. The petition failed to state a cause of action and was properly dismissed on demurrer.

MAY 17, 1917.

Equitable petition. Before Judge Worrill. Early superior court. October 4, 1916.

*Glessner & Collins,* for plaintiff. *Pottle & Hofmayer, L. M. Rambo,* and *A. H. Gray,* for defendant.

EVANS, P. J. An owner of land in the year 1877 conveyed to a railroad company, for the purpose of a right of way, a described strip of land through his tract. The deed contained a clause that it was to be void on the failure of the railroad company or its assigns to carry out any of the terms of the deed, one of which was "that said company nor its assigns shall never lease part of said right of way to any one or permit any private person to do any business thereon, or to use it for any purpose except for said railroad as a right of way and its necessary uses." The grantee railroad company was succeeded by another railroad company, and the successor company is now operating a railroad upon the right of way conveyed in the deed to its predecessor. About twenty-five years ago a telegraph company, without first obtaining the landowner's consent, constructed its poles and lines of wire on the right of way, and has been continuously using same in the conduct of its business. A year or so ago the telegraph company permitted the Southern Bell Telephone and Telegraph Company, a public-service company, to string its wires upon the poles of the telegraph company without the consent of the landowner. The landowner notified the successor railroad company to discontinue the use of its right of way for the benefit of the telephone company, under penalty of a forfeiture of its estate in the right of way. The railroad company disregarded this notice, and the landowner brought suit against it, alleging, in addition to the foregoing facts, that the railroad company permitted the telephone company to

enter upon the right of way across the lands of petitioner, and to string its telephone wires on the poles of the telegraph company, without his consent and in violation of the covenant in the deed; and that the maintenance and use of the telephone wires along said right of way is not an authorized exercise of the privilege granted under the deed, but imposes on his land an additional servitude; wherefore he prayed to recover of the railroad company, as damages, the value of his lands and the rental value thereof accruing since the alleged breach of condition. The petition was dismissed on demurrer.

The deed contained several covenants in addition to that already stated, viz.: to build a depot on the land, and to name the station after the grantor; to employ the grantor as agent for one year; retention by the grantor of all houses on the right of way, which, if removal of them was necessary, were to be moved at the railroad's expense. It is patent that the moving consideration to the grantor was the construction of a railroad through his property and the location of a station on it. The grantor's deed reflects his conception of the great value to him and to his property resulting from the operation of the railroad. The covenant against leasing the right of way is not claimed to have been violated. The inhibition against permitting a private person to do business thereon was evidently not intended to apply to the present instance; for the grantor, without protest or action for more than twenty years, allowed the telegraph company to construct and operate its lines on the right of way. If any part of the covenant has been violated, it is that which restricts the grantee to use the land granted and forbids it to permit its use for any purpose except as a right of way of the railroad and its necessary uses. In the first place the charge is that the telegraph company (which had a prescriptive title to erect its poles and string its wires) permitted the telephone company to use its poles on which to string its wires, and that the railroad company permitted or suffered this to be done. If the telegraph company, the owner of the poles, contracted with the telephone company for the latter to string its wires on the poles of the former, certainly the railroad company would not forfeit its title to its right of way by passively suffering them so to do. Nor would such result follow if the railroad company gave its permission to the telephone company to contract with the telegraph

company in this respect. Conditions which go to the defeat of an estate must be strictly construed. A breach of condition may destroy the party's rights under the contract, or may give a right to damages to the other party, according to a true construction of the intention of the parties. Civil Code (1910), § 4224. The law inclines to construe conditions subsequent to be remediable in damages. Civil Code (1910), §.3717. Where land is conveyed to be used for a certain purpose, with a clause of forfeiture if it cease to be used for the object specified, the whole estate does not cease if the land be permitted to be put to a minor use, provided that in the main it is used for the purpose for which it was conveyed. *Lawson* v. *Georgia Southern and Florida Railway Company*, 142 *Ga.* 14 (82 S. E. 233). Whether we construe the petition as charging an affirmative grant of permission by the railroad company to the telephone company to enter upon the right of way for the purpose of stringing wires on the poles of the telegraph company, or as passively suffering the telephone company to string its wires on the poles of the telegraph company under contract with the latter company, we do not think the railroad company forfeited its estate in the land. The telephone company is alleged to be a public-service corporation. Such a corporation has the right of condemnation. Even if the railroad company's deed be construed as conveying only an easement, and further conceding that the stringing of the wires on the poles of the telegraph company imposes an additional servitude on the land, this would be no ground for the forfeiture of the railroad's interest in the right of way. The plaintiff sues to recover the value of the land and the value of the mesne profits, on the theory that there has been a forfeiture of the estate granted to the railroad company; and that inasmuch as he can not recover the land because the right of way is a necessary component part of the railroad, he is entitled to compensation for it. But, as we have seen, a forfeiture has not resulted, and he is not entitled to recover the value of his land or the value of rents accruing since the stringing of the wires by the telephone company; and the court properly dismissed the petition on demurrer.

*Judgment affirmed. All the Justices concur.*