THE OCEAN BEACH REALTY COMPANY, a Corporation of the State of Florida, *Plaintiff in Error*, vs. CITY OF MIAMI BEACH, a Municipal Corporation organized and existing under the laws of the State of Florida, *Defendant in Error*.

143 So. 301.

Division A.

Opinion filed August 6, 1932.

*Stapp, Gourley, Vining & Ward* and *A. Judson Hill*, for Plaintiff in Error;

*J. Harvey Robillard*, for Defendant in Error.

BUFORD, C. J.—In this case the plaintiff in error was plaintiff in the court below and sued the defendant in error, defendant in the court below, in an action of ejectment to recover possession of certain lands in Miami Beach, Florida, described in the declaration. The case was submitted to Honorable A. V. Long, Judge of the Circuit

Court of the Eighth Circuit sitting as Judge of the Eleventh Judicial Circuit in and by virtue of an order of transfer made by the Governor, jury being waived by the respective parties. Judgment was in favor of the defendant.

The description shows that the land was a piece of Ocean front property containing about twenty (20) acres which was conveyed to the City of Miami Beach by warranty deed dated December 4, 1917. The deed was made by Southern Bank & Trust Company as Trustee, but the record shows that it was acting for The Ocean Beach Realty Company, a Florida Corporation, in such transaction. The deed contained the following provision:

> "The property herein conveyed to the Town of Miami Beach is conveyed exclusively for park purposes and shall never be used for commercial or residential purposes, and should the Town of Miami Beach at any time abandon said property as park property, or use the same for commercial or residential purposes, then in such event, all right, title and interest vested in the Town of Miami Beach shall immediately terminate and the legal title thereto shall immediately be revested in the Southern Bank & Trust Company as Trustee for the Ocean Beach Realty Company."

It is the contention of plaintiff in the court below, plaintiff in error here, that the lands conveyed have reverted to the vendor because of a violation by the City of this condition in the deed in that the City has abandoned for park purposes a part of the land so conveyed. The alleged abandonment consists in the widening of Ocean Boulevard in 1925 from a twenty-five foot street to a forty foot street. As is stated in brief for defendant in error, the record shows that the conveyance was made to the City on December 4, 1917, and "At that time what is now Ocean Drive consisted of a five (5) foot walk along its westerly side, improved pavement twenty-five (25) feet wide, and lying immediately to the east of said pavement on the

edge of Lummus Park was a cement sidewalk ten (10) feet wide.

"In 1925, the City Council decided to widen Ocean Drive in the following manner: The five (5) foot walk was left on the west side, the twenty-five (25) foot pavement was widened to include the space covered by the ten (10) foot sidewalk, and five (5) feet additional to make the pavement forty (40) feet wide, a ten (10) foot side-walk was relaid, immediately to the east thereof."

In 20 R. C. L., 638, a park is defined as follows:

"In times past a park was understood to be an open square or plaza, usually containing shade trees and seats. No doubt the idea of open air and space with the land kept in grass and trees, as if approximately in the state of nature, still inheres in the general understanding of the word, but it is no longer, the dominating thought as it formerly was. The trimming away of thickets and underbrush, the substitution of regular pathways paved and perhaps railed and artificially lighted, which would have been incongruous to our forefathers, now enter into the accepted idea of a park. Therefore, a park, in this country may be defined as a piece of ground acquired by a city or town, for ornament; and as a place for the resort of the public for recreation and amusement, and it may be located without as well as within the municipal limits. It is usually laid out in walks, drives and recreation grounds, so as to afford pleasure, to the eye as well as opportunity for open air recreation."

Such a park as we have under consideration here comes clearly within this definition.

The record shows that the consideration paid for the property was $40,000.00 and that after the acquisition of the land for park purposes it was developed by the city as a high class city park and it became and is a popular resort to which the public go for recreation and bathing. It is not contended that any of the property has been abandoned for park purposes, except that strip along the edge farthest

from the Ocean which was used in the widening of the street and the record further shows that the widening of the street was necessary and essential to make the park available for the pleasure and recreation of the great number of people who visit it.

It has been held that the laying out of walks and even streets around or through a park is not at all inconsistent with the dedication for park purposes where the same are necessary or contribute to the full enjoyment of the property for park purposes. El Paso Union Passener Depot Co. vs. Look, 201 S. W. 716; Riverside v. McLean, 210 Ill. 308; Board of Commissioners of Greene County vs. Huff, et al., 91 Ind. 333, 18 A. L. R. 1249, 20 R. C. L. 655; McQuillan on Municipal Corporations, Vol. 3, 779.

In 18 Corpus Juris 362, Section 380, the author says:

"Provisos, conditions or restrictions cannot be extended beyond the clear meaning of the language used, but will be strictly construed. So restrictions are construed most strongly against the grantor. The construction should also be conformable to the letter and obvious intent of the grant, and if a proviso is nowhere stated to be a binding condition it will not be so held. If, however, there is only one construction which will give full effect to all the words of the instrument, it will be followed. And the intention of the parties may control conditional words, even to the extent of affecting their ordinary meaning. So all conditions and provisos should be taken together and construed in pari materia, having in view the manifest intent of the instrument, based upon all the clauses of the deed so as to harmonize the entire deed with the granting clause."

The same author on page 371 of the same volume says:

"There is a breach when the premises are used for another and entirely different purpose than that specified or manifestly intended, especially where such use is continuous for a long time, as distinguished from a mere temporary or occasional use. There must, however, be an essential diversion, contrary to the terms of the grant

and the intention of the grantor, to work a forfeiture. A use which is not inconsistent with the purpose expressed or clearly intended does not constitute a breach.''

See Strong vs. Benedict, 5 Conn. 210, Phillips Exeter Academy vs. New Parish in Exeter, 68 N. H. 10, 36 Atl. 548; Hilton vs. Central of Ga. Ry., 146 Ga. 812, 92 S. E. 642; Howe vs. City of Lowell, 171 Mass. 575, 51 N. E. 536; Southard vs. Central Ry. Co. of N. J., 26 N. J. Law 13.

It appears to us that there has been no abandonment of the property for park purposes in contemplation of the condition expressed in the deed and the evidence shows that the use of the narrow strip which was converted into a part of the street was conducive to the use of the land for park purposes, rather than an abandonment of it for park purposes. The result is to make the park accessible to, and useable by, a greater portion of the public than it would have been accessible to, or could have been used by, had not this improvement been made and it is also shown that the chief purpose of the City in widening the street on this particular property was to accomplish this very purpose.

The judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND DAVIS, J., concur in the opinion and judgment.

TERRELL, J., not participating.