40820. CHURCHES HOMES FOR BUSINESS GIRLS, INC. v. MANGET FOUNDATION, INC.

DECIDED OCTOBER 8, 1964—REHEARING DENIED OCTOBER 26, 1964.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Robert E. Coll, B. D. Murphy, Walter D. Sanders,* contra.

JORDAN, Judge. The record shows that both plaintiff and defendant are charitable, nonprofit institutions, the purpose of the defendant being primarily to furnish a Christian home for young working and business girls. Plaintiff Manget Foundation had been a principal benefactor of the defendant over the years and at the time of the deed in question Mr. Dan Manget was serving as president of the plaintiff corporation and his brother Mr. John Manget was president and active manager of the defendant corporation. While the deed recites that John A. Manget had offered to pay $50,000 on the cost of the home, the affidavit in support of the motion for summary judgment shows that this sum was actually donated by Mr. Dan Manget, this fact not being disputed by the defendant.

Our purpose is to ascertain the intention of the parties concerned at the time of the execution of the deed in question, looking to the language used in the deed to make such determination. "In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance." *Keith v. Chastain,* 157 Ga. 1 (1) (121 SE 233).

The trial court in its order sustaining the motion for summary judgment stated in part as follows: "The agreement in this case is clearly shown in the deed. Churches Home for Business Girls says that if and upon the happening of a certain event it will pay to Manget Foundation the sum of $50,000.

"The actual intent is clear. While the language used may be technically cumbersome, the intent is not ambiguous. No extrinsic evidence is required to ascertain what the parties intended by the langauge used.

"Reading the deed as a whole, the intent is clear that the purpose in conveying the property involved here was to have a separate home for older women from that of the younger girls. The use of the words 'who are no longer young enough to be congenial with the many younger girls living in these homes' indicates that this was to be a separate institution from those operated for the younger girls living in the other homes. If they could not be congenial together in the other homes, what is more natural and desirable than to have separate homes?

"The reference to other classes of ladies to be provided for carries out this same intent. The resolution quoted in the deed provides for a suitable home for its retired mothers who have many long years of service with the Home and this indicates clearly a home separate from that for the girls.

"The suit does not seek a forfeiture of title or a cessation of the use of the premises as an institution of the Churches Home for Girls. It simply describes the event upon the happening of which the liability for the payment of the money accrues. The sale of the premises is the course of action prescribed to assure the payment of the money. Giving the entire deed a proper construction it does not require the sale of the premises if the Churches Home for Girls pays the amount required, nor need the premises be sold if the money is paid.

"The suit does not pray for a sale of the premises. It seeks only to recover the money. Judging the intent from the four corners of the instrument and giving it a common-sense construction the purpose of the transaction was to provide a separate institution exclusively for the three classes of persons described therein. Any other construction would require a disregard of the words used and violate the apparent intent of the parties. Their intent may have changed after the execution and acceptance of the deed but it is their intent at the time the agreement was made which has to be determined by the language of the agreement. Any other construction than that given herein would be to declare that the resolution included in the deed meant naught."

We agree with this construction of the deed and conclude that the true intention of the parties as set forth in the language

used in the deed was that the defendant would operate this particular home *exclusively* for the ladies falling within the categories named therein and that upon failure so to do it would pay to the Manget Foundation the sum of $50,000, the exact sum donated by Dan Manget toward the purchase of the property.

Able counsel for plaintiff in error earnestly contends that the effect of this suit is to seek a forfeiture of the estate and that therefore the rules applicable to forfeitures should be applied in this case. We are aware of the well settled rule of construction with respect to deeds that conditions which tend to destroy an estate are not favored in law and that such conditions must be strictly construed against forfeiture, *Thompson v. Hart,* 133 Ga. 540 (66 SE 270), *Johnson v. Hobbs,* 149 Ga. 587 (1) (101 SE 583), *Jones v. Reid,* 184 Ga. 764 (11) (193 SE 235), and the rule that, where the termination or forfeiture of an estate conveyed for a specified use or purpose is by the terms of the deed predicated upon abandonment or cessation of such specified use or purpose, an additional and different use of the property will not effect a termination or forfeiture so long as the specified use is continued. *Lawson v. Ga. S. & F. R. Co.,* 142 Ga. 14 (82 SE 233); *Hilton v. Central of Ga. R. Co.,* 146 Ga. 812 (92 SE 642); 137 A.L.R. 639, 640. (It is undisputed here that while defendant was complying with the provisions of the deed relative to providing a home for the three classes of ladies named therein, it was further using the property for another and predominate use as a home for young girls.)

Under our view of this matter, the above rules are not applicable since here no forfeiture or termination of the estate is involved. Nothing in the deed requires that the whole or any part of the estate be forfeited or terminated nor is there any provision for reversion of the whole or any part of the estate to the grantor or anyone else. The plaintiff in this suit is not seeking such a forfeiture or reversion based on a breach of a condition in the deed but merely the payment to it of the sum specified upon the happening of an event. Indeed we think that the defendant could at any time have chosen to return the specified sum to the plaintiff and then make whatsoever use of the

property it desired and upon such repayment the plaintiff would have no further remedy or cause of action based on such breach. Both law and equity seek to construe against forfeitures where the rules of construction allow. *Code* §§ 37-216, 85-902.

The record shows that the defendant has chosen to put the property to uses other than those specified in the deed, which uses might be justified in the opinion of the defendant due to convenience and necessity arising from the condemnation for governmental purposes of other homes which it owned and operated (for which we assume it received just and adequate compensation) and the fact that certain ladies in the three categories did not desire to move into this home. In so doing, however, we are of the opinion that the defendant violated the true intention and purposes stated in the deed, i.e., that the defendant would operate a separate and distinct home exclusively for the categories of ladies mentioned in the deed. This they can do, as provided in the deed, by returning the specified sum of $50,000 to the plaintiff Manget Foundation. This was the amount agreed upon by the parties to be paid to the plaintiff in the event of a breach, and was not unreasonable or disproportionate since it was the actual amount of the sum donated to the defendant. Such an agreement between the parties violated no principle of law and the parties are bound by this agreement. *Code* § 20-1402; *Martin v. Lott*, 144 Ga. 660 (87 SE 902).

It may be observed that while the judgment granted to Manget Foundation, Inc. was a general one, and thus a lien on any and all assets that the defendant may have, it should have been restricted as a lien against the property described in the deed and to be satisfied only from it since the provision of the deed affording a right of recovery specifically provides that the $50,000 is to come from the proceeds of the property. However, there is no assignment of error as to the form of the judgment and we make no ruling on it.

The trial court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*