PIERCE, Chief Judge.
This case presents the question of whether or not a City may install playground facilities on land dedicated for park purposes and where one portion thereof bears a plat notation restricting it to a church site and villa sites. The trial Court held in the affirmative and we affirm.
The Federal government urged the City of St. Petersburg Beach by letter to develop recreational facilities on land within the City known as Lazarillo- Park and adjacent thereto. Accordingly, on December 2, 1969, the local City Commission approved such recreational plan and authorized expenditure of public funds for such purpose. Nearby residents filed suit against the City seeking to permanently enjoin such development, maintaining that Lazarillo Park was “a horticultural park” and had been so dedicated some forty odd years before and that local property owners had established a strictly residential area around the park “in reliance upon this dedication and its continued use as a horticultural park”; that by virtue of such purchase of lots such residents had a “private right to have the property continually maintained as a horticultural park and also to have certain designated areas restricted for use as villa sites and a church site respectively.”
The City answered that the proposed recreational development of the property was a proper use of the property dedicated for park purposes and that the restrictions for “villa sites and a church site” were not enforceable against the city.
After taking of considerable evidence and the introduction of numerous documentary matter, both sides moved for separate summary judgments. The trial Court entered final judgment in favor of the City finding that the proposed development plan of the City for recreational facilities “was not such as to be inconsistent with public park purposes” and that the restrictions as to a portion of the property in question respecting a church and villa sites “do not prohibit the use of said Tracts for public park purposes in accordance with the Board of Public Instruction of Dade County v. Town of Bay Harbor Islands, 81 So.2d 637 (Fla.1955)”.
A brief consideration of the factual background of the particular area involved is proper. It appears from the record that a portion of the park property had certain building restrictions, one being for a church and two being for villa sites. The original *396 Lazarillo Park plat was filed and dedicated by the original owner, Thomas J. Rowe Corporation. A portion of the park property in question, referred to generally as “the three corners of the park”, was originally conveyed by the Rowe Corporation to the United States Government, which in turn sold the same to the City of St. Petersburg Beach in 1958, subject to the condition that the tracts in question be used and maintained for public park and public recreational purposes. It is reasonable to assume that such condition was broad enough to embrace purposes incidental to a public park and recreation facilities.
Lazarillo Park was not incorporated until 1955, when by legislative act it became the Town of Don Ce-Sar Place. In 1957 this town and some contiguous areas consolidated into the City of St. Petersburg Beach, since which time the City has maintained the park as a public park for the public at large, expending public funds in furtherance thereof. Acting upon a request from the Federal government, the governing authorities of the City on December 2, 1969 approved a comprehensive plan for recreational facilities at the park and authorized expenditure of public funds for such purpose, such being among the specific powers granted by the charter of the City. Such action instigated the filing of the instant suit by certain dissident residents of the park area seeking to forestall such recreational development.
The trend of decisional law on this subject, especially in recent years, has been distinctly in favor of upholding such public developments, even as against private contractual rights, when no other organic or fundamental rights are violated.
In Hanna v. Sunrise Recreation, Inc., Fla.1957, 94 So.2d 597, our Supreme Court said:
“In Ocean Beach Realty Co. v. City of Miami Beach, 1932, 106 Fla. 392, 143 So. 301, we adopted the definition of a park as given in 20 R.C.L. 638. This definition explains the change in concept of a park from the time when a park was understood to be an open square or plaza, usually containing shade trees and seats, to the present, when a park is considered not only as ornamental but also as a place for recreation and amusement. Changes in the concepts of parks have continued and the trend is certainly toward expanding and enlarging the facilities for amusement 'and recreation found therein.
* * * * * *
As a tourist state, Florida, its counties and cities have made great effort to furnish public facilities, parks, which are attractive to and furnish recreation and amusement for not only its citizens but its tourist visitors as well.
* 5ff * * ‡ ‡
We think the view which defendants take of the term park purposes is too narrow, and are inclined to follow the view expressed in McLauthlin v. City and County of Denver, 1955, 131 Colo. 222, 280 P.2d 1103, 1106, wherein that court said:
‘In this jurisdiction we have adopted the modern concept for a dedicated public park. That while an entire area of a park may not be converted to playground or recreational uses; nevertheless, when, considering the size and location of the park, its environments, density of adjacent population and their public needs, 'it is proper and legitimate that a reasonable portion of a park area be set aside and used for playground and recreational purposes. These uses would include tennis courts, playground and dancing facilities, skating, a swimming pool and bathhouse, horseshoe pitching, walking, horseback riding, athletic sports and other outdoor exercises, as may be needed, and if conditions are conducive therefor, golfing and baseball with the necessary *397 equipment therefor, and with car parking facilities for the use and convenience of patrons and the public; provided always that a substantial portion of the park area remains in grass, trees, shrubs and flowers, with seats and tables for picnicking, for the use by and enjoyment of the pub- ‡ * * »
See also KLumick v. City of St. Peters-burg, Fla. App. 1961, 136 So.2d 5; and Florida Little Major League Association, Inc. v. Gulfport Lion’s Little League, Inc., Fla.App.1961, 127 So.2d 707.
The case of Board of Public Instruction of Dade County v. Town of Bay Harbor Islands, Fla.1955, 81 So.2d 637, is authority for the proposition that a restrictive covenant contained in a general town subdivision plat “against erection of buildings other than residences, duplexes and apartments” is not generally enforceable to prevent a governmental entity from erecting, establishing and operating a public building or facility on the premises involved, in furthering the interest of the public at large. In the Bay Harbor case the public facility was a school building. Here it is a playground or recreational facility. In Bay Harbor the Supreme Court said that—
“ * * * the only real issue involved in the cause is whether or not the restrictive covenant prohibiting the use of the property for school purposes is applicable to the school board in its attempt to use the same for such school purposes”.
The precise question considered and determined in Bay Harbor which has material bearing on the instant case is “whether the restrictions * * * which were placed upon the subject lands at the time and which formed a part of a general plan of subdivision of lands composing the municipality, are broad enough to prohibit the use of said lands for school purposes and, if so, whether they may be enforced against the Board [of Public Instruction]”. The Bay Harbor opinion then proceeds in a lengthy dissertation on the general proposition of whether restrictive covenants can operate to prohibit the exercise of governmental authority in the building of public facilities or improvements which would be otherwise proscribed by the restrictions.
It is unnecessary to quote here from the rather prolix opinion in Bay Harbor. Suffice to say that the real issue there under consideration was whether or not a governmental unit could build a public facility, namely a school, on land restricted for use by the plat to residences, duplexes and apartments. The significant holding in the case was that the right to enforce a restrictive covenant, as against a governmental unit, was not a property right within the constitutional guaranties. In such instances restrictions are not enforceable against such governmental units.
In the light of all the foregoing, it necessarily follows that the final judgment appealed from must be and is—
Affirmed.
LILES and MANN, JJ., concur.