42559. GORDY et al. v. COBB COUNTY SCHOOL
DISTRICT et al.
(334 SE2d 688)

Weltner, Justice.

Gordy conveyed land to the Mountain View Community Club by a deed which provided that the tract and its improvements would revert to Gordy or his successors if it ceased to be used for "community club improvement purposes." The school district plans to condemn part of this parcel as a site for a school building, and filed this declaratory judgment action to determine the respective rights of Gordy's successors and of the club. The trial court granted summary judgment for the club, holding that the contemplated partial taking would not terminate the present estate of the club and that Gordy's successors have no present estate — either in the monetary proceeds of the partial condemnation or in the remaining land not taken.

1. Gordy's successors contend that the intention of the grantor was expressed objectively and clearly by deed, and must be given effect; that the tract was conveyed "for community club improvement purposes and for none other"; and, hence, that the entire present estate must revert to Gordy or his successors if for any reason, with or without the consent or the fault of the club, any portion of the tract should cease to be used for "community club improvement purposes."

2. In *Hilton v. Central of Ga. R. Co.,* 146 Ga. 812 (92 SE 642) (1917), the deed recited that the parcel conveyed was to be used only for a railroad right of way "and its necessary uses." The railroad allowed a telegraph company and a telephone company to erect lines along the right of way. Noting that the telegraph company and the telephone company had the power of condemnation, this court held that the intention of the grantor was, in those circumstances, that the estate of the railroad was not to terminate because "in the main it [the parcel] is used for the purpose for which it was conveyed." 146 Ga. at 814. *Hilton* relied upon *Lawson v. Ga. S & F R. Co.,* 142 Ga. 14 (82 SE 233) (1914), in which the deed to the railroad provided that the parcels were to be used "for railroad purposes only." We held in *Lawson* that "so long as the railroad company uses the land for rail-

road purposes, its license to others to use a part of it for a purpose of increasing its business, though not strictly an accessorial railroad use, will not work a total destruction of the estate granted." 142 Ga. at 20.

3. In this case, the trial court found that the club "has continued to utilize the land in question within the parameters set forth in the original conveyance and intends to continue the use as set forth in said conveyance." Similarly as in *Hilton*, we hold that the intention of the grantor here was that the club's "whole estate does not cease." 146 Ga. at 814. Consequently, the trial court correctly held that the club has the entire present estate in the monetary proceeds of any partial condemnation proceeding and in the remaining tract not condemned.

4. This result is in accord with Restatement of the Law of Property, § 53, and with decisions of other jurisdictions holding, generally, that where it is speculative as to whether a reversion will occur, a partial condemnation which prevents further compliance, as to the part taken, with the conditions or limitations of a conveyance neither allows the grantor's successors to claim a present estate in the lands not condemned nor allows them to claim a share of the condemnation award relating to the part taken.[1] *Bd. of Transp. v. Charlotte Park &c. Comm.*, 248 SE2d 909 (2) (3) (N.C. 1978); *Land Clearance for Redevelopment Auth. of the City of St. Joseph v. City of St. Joseph*, 560 SW2d 285 (Kan. 1977); 29A CJS 886, Eminent Domain, § 199; 27 AmJur2d 26, Eminent Domain, § 251.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 1985.

*Dupree & Staples, Hylton Dupree, Jr., Mark A. Johnson,* for appellants.

*Richard H. Still, Jr., David C. Jenson, G. Robert Howard,* for appellees.

---

[1] The present estate in the monetary proceeds of condemnation and in the remaining part of the tract is subject to the possibility of reverter should either the funds or the land cease to be used "for community club improvement purposes and for none other."