650 So.2d 213 (1995)
DOLPHINS PLUS, INC., Appellant,
v.
Clarence HOBDY, Margaret Hobdy, Edward Hulse, Audrey Hulse, Leonard Latronico, Celia Rodriguez, Virginia Siedor, Kurt Winselmann, and Mary Winselmann, Appellees.
No. 93-1644.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Donna E. Albert, Fort Lauderdale, for appellant.
Mattson & Tobin and Andrew M. Tobin, Key Largo, for appellees.
Before COPE, GODERICH and GREEN, JJ.
GREEN, Judge.
Appellees filed a complaint for declaratory and injunctive relief to declare the rights in and to an area depicted on a platted subdivision as a "boat basin." Appellees and appellant, Dolphins Plus, Inc. ("Dolphins Plus"), both moved for summary judgment. The trial court entered summary judgment in favor of appellees and this appeal ensued.
All of the parties to this case are owners of parcels of land located in the Key Largo Ocean Shores addition subdivision, Key Largo, Florida. Dolphins Plus is a volunteer nonprofit organization whose purpose is to care for and rehabilitate injured or sick marine mammals, conduct ongoing educational and research programs and provide in-water therapy to adults and children suffering from various handicaps. At issue here is a chain link fence erected by Dolphins Plus in the waters of the subdivision boat basin which Dolphins Plus uses as a stranding pen for injured marine mammals.[1] Dolphins Plus obtained a lease from the heirs of the subdivision developer to place the fence over the bay bottom of the basin and also obtained permits from Monroe County and the Department of Environmental Regulation of the State of Florida for the fence.
*214 Appellees seek a preliminary and permanent injunction for the removal of the fence arguing that 1) the fencing, and the use of the boat basin for purposes unrelated to mooring boats is in violation of the restrictions granted by the recorded plat and 2) unreasonably interferes with their use and enjoyment of the boat basin.
The relevant portions of the original Declaration of Restriction reads:
No structure, building, dock, ramp, barge or any other thing or condition shall be permitted to impede or obstruct navigation in the waterway; boat basins excepted;...
The trial court found the term "boat basin" to be unambiguous and, in reliance upon Webster's New Collegiate Dictionary (1985), found its common meaning to be an enclosed or partly enclosed water area wherein boats are docked or moored. The trial court then determined the developer intended that the waterways of the subdivision would be open for navigation of all boats, subject only to the structures and impediments to navigation that would be erected in the boat basins as contemplated under restriction number seven.
Dolphins Plus argues that the trial court erred in entering summary judgment because the granting of the lease raises genuine issues of material fact with respect to the intended uses to be made of the boat basin. We disagree.
We agree with the trial court that the term "boat basin" is not ambiguous. When the language of an instrument is clear and certain in meaning and the grantor's intention is reflected by the language employed, there is no room for judicial construction of the language nor interpretation of the words used. Ocean Beach Realty Co. v. City of Miami Beach, 106 Fla. 392, 143 So. 301, 302 (1932) ("If there is only one construction which will give full effect to all the words of the instrument, it should be followed.") Loveland v. CSX Transp., Inc., 622 So.2d 1120, 1121 (Fla.3d DCA 1993) (same); Saltzman v. Ahern, 306 So.2d 537 (Fla. 1st DCA 1975) (same). "[I]f there is no ambiguity in the language employed, then the intention of the grantor must be ascertained therefrom [that language]." Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984) (citing Saltzman, 306 So.2d at 539). It is clear from the language in the plat that only those structures which are consistent with the mooring and/or docking of boats are permissible. Thus, a fence erected to serve as a stranding pen for ill or injured mammals is not consistent with such usage. The fact that the heirs of the developers subsequently gave Dolphins Plus a lease for this purpose does not alter this result because, as a matter of law, the lease alone was not sufficient to release or terminate the plat restriction. Harwick v. Indian Creek Country Club, 142 So.2d 128 (Fla. 3d DCA 1962) (agreement to allow apartment units unenforceable and void where the deed restriction required single family homes and all the property owners did not execute subsequent agreement); Tolar v. Meyer, 96 So.2d 554 (Fla. 3d DCA 1957) (written acquiescence by owner-subdivider to Dade County Commission could not bind or waive the rights of other parties to the agreement created by the restrictive covenants). See generally George W. Thompson, Thompson on Real Property, § 3173 (4th ed. 1962) ("a restriction imposed alike upon all the lots of a block or tract of land cannot be released to one purchaser or his grantee without the assent of the other purchasers, or their grantees, for whose benefit it was imposed.").
We need not address the remaining argument advanced by Dolphins Plus in light of this opinion.
Affirmed.
NOTES
[1] Lloyd Borguss, president of Dolphins Plus, owns a home on the boat basin at issue here. It is the area of the boat basin adjacent to his home which is being used to care for sick or injured whales.