GODERICH, Judge,
dissenting, in part, and concurring, in part.
I respectfully dissent, in part, and concur, in part.
In the prior case before this Court, Dolphins Plus, Inc. v. Hobdy, 650 So.2d 213 (Fla. 3d DCA 1995), this Court found that the chain link fence that spanned the boat basin in question violated the applicable declaration of restrictions for the subdivision and unreasonably interfered with the neighbors’ rights to use the boat basin. Similarly, when Dolphins Plus constructed the new structure, two forty-five foot docks with a chain link fence below the water line coupled with a thirty-foot chain link fence gate, the new structure spanned the entire width of the 120-foot boat basin at the approximate location of the original chain link fence. This new structure is the functional equivalent of the original chain link fence and unreasonably interferes with the neighbors’ rights to use the boat basin as the original chain link fence did. This is a thinly disguised attempt to enclose a portion of the basin, as the original fence had done before, and to continue using the area as a penning facility in violation of this Court’s mandate. Such disregard for our mandate should not be permitted. I believe that the trial court’s order enforcing the mandate was right, albeit for the wrong reasons, and should be affirmed.
I do, however, agree with the majority’s analysis that the eight-foot restriction found in the trial court’s original judgment applies only to boat basin structures built for the temporary purpose of penning stranded marine mammals and not to the building of conventional mooring and dock structures, which this latest construction was not.