WARNER, J.
The City of Boca Raton (“the City”) appeals from a final order granting a writ of mandamus compelling the City to process a citizen initiative petition that would enact an ordinance to amend the city code. In addition, the Greater Boca Raton Beach and Park District (“the District”) appeals the trial court’s denial of its motion to intervene. We affirm the trial court’s order of mandamus, finding that the ordinance is not facially unconstitutional, and we also affirm the trial court’s denial of the motion to intervene which the District filed after the final judgment in this case. Because of its lateness, the trial court did not abuse its discretion.
Martin Siml, a representative of a committee of Boca Raton voters, submitted a citizens’ initiative petition ballot for a referendum to amend the City’s code of ordinances. The proposed amendment would add the following to the City’s code:
Section 28-1307. Public Coastal Lands. All public-owned lands owned by the City and the Greater Boca Raton Beach and Park District located between the Intracoastal Waterway and Atlantic Ocean shall be limited to public uses and public services provided for the general public, and development for private uses (including members-only beach clubs) on these public-owned lands shall be prohibited.
The City Attorney issued an opinion that the amendment should not be processed because it would abrogate the powers of the District. The citizens’ committee which had sought to place the referendum on the ballot filed a petition for writ of mandamus to force the City to process the amendment. After hearing, the court entered a final order granting the writ of mandamus compelling the City to further process the proposed amendment. The court ruled that the proposed ballot language was neither facially unconstitutional in its entirety, nor contrary to or expressly preempted by state law. The court explained that pursuant to chapter 2008-313, section 4, Laws of Florida, the special act that created the District, the District is to provide beaches and recreational facilities for taxpayers of the District, including beaches and recreational facilities with the City. The court ruled that the proposed ordinance is not preempted by, and does not conflict with, state law, including chapter 2003-313.
Post-judgment, the District moved to intervene, contending that the judgment affected its interests and would disenfran *1142 chise those voters in the district who were not residents of the City. The City then moved for rehearing, adopting the District’s arguments. The trial court denied the motion to intervene and the motion for rehearing. Both the City and the District appeal.
Courts have the authority to determine the facial constitutionality of a proposed ordinance to be submitted to the electorate for passage and whether it is within the powers of the enacting body. Gaines v. City of Orlando, 450 So.2d 1174, 1178 (Fla. 5th DCA 1984) (citations omitted). Prior to election, initiatives on proposed ordinances should not be removed from the ballot unless they are unconstitutional in their entirety, and challenges based upon non-constitutional grounds should not be decided prior to election. See Wright v. Frankel, 965 So.2d 365, 372-73 (Fla. 4th DCA 2007).
The City does not dispute that the ordinance is constitutional as to properties it owns between the Intracoastal Waterway and the Atlantic Ocean. City residents have the opportunity to vote on the ordinance as it affects lands owned by the City. The issue raised in this appeal is the effect of the proposed ordinance on lands owned by the District and whether it unconstitutionally impacts those lands.
The Legislature has imbued municipalities with broad powers to govern and has provided that they “may exercise any power for municipal purposes, except when expressly prohibited by law.” § 166.021(1), Fla. Stat. With respect to special laws, “[i]t is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter....” See § 166.021(4), Fla. Stat. (emphasis added).
The special law which created the District stated its purposes: (1) to reimburse the city of Boca Raton for the acquisition, improvement, and operation of two substantial parcels of beach and park property, described in the law; (2) to reimburse the city for future acquisitions and maintenance of beach and park property; and (3) to acquire, improve, and operate beach and park properties when acquired either through eminent domain, subject to the concurrence of the City, or through approval by referendum of the electorate of the District. To that end, the Board may determine that the purposes of the act are being undertaken by some other public or private entity, and if so, the Board may reduce its expenditures where the other body has obligated itself to spend for the purposes of the act.
The City maintains that the proposed ordinance would prevent the District from exercising its powers, because it contends that the ordinance may prohibit all “private uses” on District-owned land. First, nothing in the special act creating the District expressly permits the private use of District property. The District’s purpose is to acquire and maintain parks and beaches. Parks are commonly understood to be public places. See Ocean Beach Realty Co. v. City of Miami Beach, 106 Fla. 392, 143 So. 301 302 (1932); see also Hanna v. Sunrise Recreation, Inc., 94 So.2d 597, 600-01 (Fla.1957). Parks may include beaches. Ide v. City of St. Cloud, 150 Fla. 806, 8 So.2d 924, 925 (1942). Thus, the City, exercising its governmental powers to determine the use of property within its boundaries, would not transgress the statutory limitation on its powers in enacting the proposed ordinance where the special act contains no express prohibition. Second, the proposed ordinance mandates public uses and services. We do not interpret .this as requiring that any services can be provided only by the use of government *1143 employees or purchases. Instead, any use of property or services that are provided must be provided to the public at large and not exclusively to a private group. For example, if the District were to provide a sailing center, it would have to be open to the public for use and not be restricted to private use. The ordinance does not address what entity can provide these services so long as they are available to the public. The ordinance is not facially unconstitutional or invalid. At most, any claim that it prevents private vendors from operating would be an as-applied challenge to the ordinance, not a facial challenge, and not a ground for rejecting the initiative pre-election.
An example of an initiative which did take away powers of commission established by special act is found in Gaines, 450 So.2d 1174. There, a proposed ordinance initiative by electors of the City of Orlando would have prohibited the construction of a coal fired electrical plant by the Orlando Utilities Commission (“OUC”), a legislatively-created commission authorized to construct plants to furnish electrical power, among other things. The City refused to put the proposal up for a vote. Taxpayers brought a petition for writ of mandamus to compel the City to take action on their petition initiative. The trial court agreed with the City and held that the amendments were beyond the scope of the referendum power and that they could not be voted on. On appeal, the Fifth District agreed in part. The court held that the portion of the ordinance, which attempted to take away the power of the OUC to build certain types of power plants, was contrary to the special act granting the OUC’s exclusive authority to manage, operate, and build electric utility plants, and thus improperly decreased the authority granted by the Legislature.
Here, unlike in Gaines, the proposed initiative does not take away any authority specifically granted to the District. The District is charged with acquiring, maintaining, and operating parks and beaches. As noted previously, parks and beaches are public uses. Thus, the ordinance which mandates their public, rather than private use, complements the District’s purpose. It does not restrict it.
The City also argues that the vote on the proposed ordinance by the City electors alone would disenfranchise those voters in the District who do not reside in the city. The City did not make this argument until after the court entered its final judgment on the petition and after the District filed a motion to intervene, in which the District raised this argument. The trial court denied rehearing but it is unclear whether the court considered the argument on the merits. We question whether the issue has been properly preserved on appeal. Nevertheless, because we have found the proposed ordinance is neither facially unconstitutional nor invalid, we reject the City’s contention that the district voters would be disenfranchised by the City’s adoption of it. The ordinance on its face does not unconstitutionally limit the powers of the District. The City has the power to regulate the uses of public coastal beaches located within its municipal boundaries, even if those lands are owned by another governmental entity such as the District. See generally City of Temple Terrace v. Hillsborough Ass’n for Retarded Citizens, 322 So.2d 571 (Fla. 2d DCA 1975). The mere speculation that the ordinance may have some future impact on the District is insufficient to prevent the submission of the ordinance to the voters.
Finally, the District argues that the trial court abused its discretion in denying its motion to intervene, filed days after the *1144 final judgment was entered. We have long abided by the general rule that post-judgment intervention is not allowed, and we have narrowly confined the exceptions to that rule. See, e.g., De Anza Corp. v. Hollywood Estates Homeowners Ass’n, Inc., 443 So.2d 462 (Fla. 4th DCA 1984), and cases cited therein. This case does not present a reason to deviate from that general rule. Because the voters of the district were not parties to this proceeding, it does not preclude their pursuit of other means of redress if the ordinance passes in an election and if they should find that the proposed initiative negatively affects their interests.
For the foregoing reasons, we affirm the judgment of the trial court.
STEVENSON and GROSS, JJ., concur.