Suit by Arthur F. Rivers and Marguerite Rivers, his wife, against Philip Amara for cancellation of a mortgage, wherein defendant counterclaimed seeking foreclosure. From the decree, plaintiffs appeal.
Reversed in part, and affirmed in part.
The appellants brought a bill seeking a cancellation of a mortgage, whereupon the defendant answered and filed a counterclaim seeking foreclosure of the mortgage. The cause was referred to a Master, who found that the mortgage was given to secure the cost of construction of a dwelling to be built by the appellee but that the building was not built according to the contract and that the mortgage should be cancelled. The Chancellor found that the sum of $1300 would offset the faulty construction and decreed a foreclosure for the balance, allowing the Master a fee of $150 and the defendant $300 for attorney's fee for the foreclosure.
We fail to find that the Chancellor has erred as to his offset of $1300 but are of the opinion that the plaintiffs-appellants should not be held liable for the payment of an attorney's fee for the foreclosure of the mortgage. Equity abhors a forfeiture and will not allow one who is guilty of a breach of duty to gain an undue advantage by reason thereof. The construction of the house and the execution of the mortgage to secure the unpaid purchase price grew out of the same general transaction. The mortgagee breached his building contract with the mortgagor when he constructed the dwelling in a defective manner. It was this breach that brought about the mortgagor's refusal to pay any further installments on the mortgage until the defects had been corrected or due allowances made. Under such circumstances the mortgagor should not be held in a court of equity to have breached the mortgage in such a manner as to authorize the mortgagee to accelerate the mortgage or incur an attorney's fee for which the mortgagor would be liable. Neither should the plaintiffs be taxed for the costs of the suit, including the Master's fee, by reason of the foregoing facts and other facts and circumstances appearing. Otherwise, as between the plaintiffs and defendant, matters seem to be equal.
After allowing and applying as a credit the $1300 found by the Chancellor to be due the mortgagors by reason of the mortgagee's faulty construction of the building, the mortgagors should be allowed a reasonable time within which to make such other payments as might be due according to the terms of the mortgage (if any) and, if not paid, then the mortgage lien of defendant should be ordered foreclosed and the property sold to satisfy the mortgage lien because of the defaults of the mortgagor-appellant; *Page 365 
but should such credits and payments have the effect of discharging all obligations then due, the defendant's counterclaim should be dismissed.
It is so ordered.
Reversed in part and affirmed in part.
ADAMS, C.J., and THOMAS and SEBRING, JJ., concur.
TERRELL and CHAPMAN, JJ., dissent.