69 So.2d 780 (1953)
DADE COUNTY et al.
v.
CITY OF NORTH MIAMI BEACH.
Supreme Court of Florida, Special Division A.
July 21, 1953.
Rehearing Denied February 9, 1954.
*781 Hudson & Cason, Miami, for appellants.
Louis M. Jepeway and Harry W. Prebish, Miami, for appellee.
TERRELL, Justice.
December 14, 1934, the City of North Miami Beach, conveyed to Dade County, Florida, 56.75 acres of land for park purposes. The warranty deed of conveyance contained the following reservations:
"This property is deeded to the grantee named herein solely to be used and maintained for park purposes and the grantor herein reserves into itself, its legal successors all right of reversion in and to said property in the event of the discontinuance of such property for park purposes and the maintenance as such."
*782 December 12, 1951, the grantor filed its bill for declaratory decree in which it prayed:
(1) That an injunctive order be granted without notice restraining defendants from taking any further action in relation to said lands.
(2) The Court finds and decrees that the grantee having failed to make use of said lands for park purposes they have reverted to the grantor under the reversion clause of the deed.
(3) That defendants be required to remise, quitclaim and return said lands to the plaintiff in order that it be possessed of an unincumbered title thereto.
An answer was filed, testimony was taken and at final hearing the chancellor entered a decree in response to the prayer of the bill.
The point for determination is whether or not there was a "discontinuance of such property for park purposes" that would authorize the grantor to invoke the right of reversion as provided in the quoted part of the deed.
The clear condition of the reversion clause is that it may be invoked by the grantor "in the event of the discontinuance of such property for park purposes and the maintenance as such." It is well settled that such restrictions are not favored in law if they have the effect of destroying an estate, that they will be construed strictly and will be most strongly construed against the grantor. Ocean Beach Realty Co. v. City of Miami Beach, 106 Fla. 392, 143 So. 301. "Discontinuance" as employed in the deed is equivalent to abandonment but there is no specification as to when it was intended that abandonment of the property take place.
Some of the cases hold that when no time is fixed in the deed for reversion to take place a reasonable time consistent with the intention of the parties, the thing to be accomplished and the circumstances incident to its accomplishment will be considered to have been intended. A mere delay in the application of the land for the purpose of the grant or its improper use therefor will not impair the grant nor will it authorize the grantor to repossess it. When as in this case there is no dispute about these facts, what constitutes reasonable time is a question of law. Mizell v. Watson, 57 Fla. 111, 49 So. 149; Dillon on Municipal Corporations, Vol. 2, Section 653; Tiffany on Real Property, Vol. 4, Section 1113; Swope v. Kansas City, 10 Cir., 132 F.2d 788. Since abandonment may not be shown by proof of nonuse, delay in use when the public need is not pressing does not constitute abandonment Town of Chouteau v. Blankenship, 194 Okla. 401, 152 P.2d 379, 171 A.L.R. 87.
The lands in question, 56.75 acres, are known locally as East Greynolds Park. West Greynolds Park, 170.94 acres, is separated from it by the Florida East Coast Railway and the Federal Highway, but both are being developed as a single project. It is shown that West Greynolds Park has been extensively developed for park purposes and that eighty per cent of East Greynolds Park is mangrove swamp or what is commonly known as overflowed land, but it is conclusively shown that the county accepted the property; that the spoil bank along the north side of Royal Grades Canal has been leveled and the land filled for 200 feet to the north, a large billboard was removed, the park has been regularly patrolled by the county police, a fire that appellee refused to do anything about was extinguished by the county and a rock road was laid out near the center of the land and another on the north side of the canal by the county. It is admitted that plans for developing the overflowed part of the land have not been matured. The evidence further shows that other acts of ownership have been exercised over the area by the county continuously since it was acquired, that it is patrolled daily by the county. Maintenance crews have kept the trash removed and the road open and the superintendent of parks has developed a plan for a road, picnic grounds, parking areas, latrine and other improvements including the protection of the flora and *783 fauna, landscaping and removal of unsightly structures.
Abandonment is a question of intent and he who asserts it, has the burden of proving it. Nonuse is only evidence that may or may not point to abandonment. In this case the acts of ownership pointed out in the preceding paragraph were present from the execution of the deed and while they had not matured a completed project, they pointed in the direction and the deed imposed no limitation for their completion. It is obvious that the county was engaged in this and other extensive recreational projects, that require large outlays and that it was proceeding cautiously. It is also obvious that this was an overflow project, that portions of it were to be converted into fishing areas which required a kind of improvement new to park development. The evidence shows conclusively that the county has had this and other projects for park purposes in mind for years and that it is proceeding with them as it deems best, as the circumstances warrant, as the need for them arises and means permit. The evidence shows that plans for further improvement of the park are in contemplation as soon as means and conditions justify.
It is pointed out that appellees cannot effect a forfeiture or claim under the reversion clause without giving the grantor notice and an opportunity to comply. It is well settled that equity abhors a forfeiture. This is all the more true when the forfeiture is against the public. Many of the cases hold that such a forfeiture will not be permitted without notice and a chance to comply. 19 Am.Jur., Equity, Sec. 84; Rivers v. Amara, Fla., 40 So.2d 364; Treat v. Detroit United Ry., 157 Mich. 320, 122 N.W. 93, 133 Am.St.Rep. 347; Reynolds v. City of Alice, Tex.Civ.App., 150 S.W.2d 455; Douglass v. City Council of Montgomery, 118 Ala. 599, 24 So. 745, 43 L.R.A. 376. In this case complainant not only refused to give notice but sought an injunction to prevent compliance with conditions of the deed.
It seems to us that the record negatives anything sufficient to show abandonment by the county. The lands in question were promptly accepted and platted with other lands as Greynolds Park and in addition to the acts of acceptance detailed earlier in this opinion, the county prepared and promulgated a master plan for development soon after the deed was executed and it is being perfected as the need for it arises and funds are available. The county in fact has other large areas that are being developed for parks as the need for them arises and as funds are available. It is a matter of common knowledge that park development in a county or municipality is a long and continuous project. In this case the county was confronted with an unusual project. Four-fifths of it were overflowed land that required filling or dredging or both, depending on how much would be turned into a fishing lake and how much into high land for other recreation uses. When such areas are being developed along with others looking to the recreational pleasure of many hundreds of thousands of people with limited means it necessarily requires time and caution.
Since there was no time specified in the deed for abandonment to become effective, since equity abhors a forfeiture, particularly against the public, and the county from the date of the deed has exercised dominion over the land, has made plans for its improvement, has actually preserved it from desecration and made some improvements to it, we do not think it can be said to have been abandoned for park purposes. Improvements of the kind necessarily move slowly. So long as the county is moving in the direction of the objective abandonment should not be permitted to defeat the deed.
The judgment appealed from is accordingly reversed.
Reversed.
ROBERTS, C.J., SEBRING, J., and DAYTON, Associate Justice, concur.