HORTON, Judge.
This is an appeal from a final declaratory decree finding and declaring that the appellant-cemetery company was not vested with title by reversion of a 10 foot strip of a city street previously dedicated by a recorded plat. The court below found and decreed that there had been no abandonment of the 10 foot strip.
The facts, briefly, are that the appellant, in platting its property, was required to dedicate certain portions thereof for street purposes, and, in 1945, submitted a plat which was subsequently accepted by the City of Miami and recorded, dedicating 35 feet on the south side of appellant’s property for street purposes. Prior to 1945, the City of Miami, had, by appropriate action, identified the particular street in question as a 70 foot right of way. Consequently the appellant’s dedication, in 1945, of 35 feet was to the center of the right of way. In 1951, the City of Miami, by resolution No. 4367, ordained and established the street in question as a fifty foot street, or 25 feet on each side of the center line thereof. This ordinance was amended by ordinance No. 4707, passed in 1953 by the City Commission of Miami, establishing the area in front of appellant’s property as a 50 foot right of way “to provide for uniform street width of fifty feet”. The appellant contended in the court below that only the 50 foot strip, or 25 feet from the center line north, had been used by the City of Miami for street purposes and that in view of ordinance No. 4367, of 1951, and ordinance No. 4707, in 1953, together with the city’s non-use, constituted an abandonment of 10 feet of the dedicated strip and therefore, under the dedication, said 10 foot strip would and should revert to the appellant. The trial judge concluded *853 that the dedication, which contained the following:
“The avenues and streets as shown together with all existing and future planting, trees and shrubbery thereon, are hereby dedicated to the perpetual tuse of the public for proper purposes reserving to said Woodlawn Park Cem•etery Company, its successors or assigns, the reversion or reversions thereof, whenever discontinued by law.” [Emphasis supplied.]
was such that proper public purposes other than streets could be made of the property and therefore there was not an abandonment under the law.
The principal question posed on appeal is whether or not the city’s actions constituted .an abandonment under the law. We conclude that they did.
The trial judge, by his comments at the ■lime of the entry of a declaratory decree, appears to have been influenced to some ex-lent by the opinion of the Supreme Court of Florida in Dade County v. City of North Miami Beach, Fla.1953, 69 So.2d 780. That case involved an allegation -of non-use as evidence of abandonment, .and the Supreme Court held that 17 years’ -non-use of property dedicated for park purposes is not an unreasonable length of time .and that non-use alone is evidence that may or may not point to abandonment. 'The Court also found that the non-use of 17 years was not sufficient to constitute ■such abandonment. The case does not . appear to be in point with the instant • case.
There was obviously a dedication and acceptance under the plat filed in 1945 of a .35 foot strip of land lying adjacent to the ■southern boundary of appellant’s property. 'This is so because there could be no aban- • donment without a prior acceptance. The • dedication, as well as the acceptance, in .addition to use for street purposes, was for -.the perpetual use of the public “ * * * .for proper purposes * * * ” with the appellant reserving to itself “ * * * the reversion or reversions thereof whenever discontinued by law”.
The mere fact of non-use by appellee-city would not of itself constitute an abandonment and particularly so in this instance where the dedication was not only for streets but “proper purposes”. See 16 Fla.Jur., Highways, Streets & Bridges, § 81, p. 97; Earle v. McCarty, Fla.1954, 70 So.2d 314. Further, the fact of non-use of a portion of the dedicated strip would not warrant the conclusion of non-acceptance of the unused portion. See Indian Rocks Beach South Shore v. Ewell, Fla.1952, 59 So.2d 647, 652; 16 Am.Jur., Dedication, § 38, p. 387.
Here, however, the dedication and acceptance thereof was subject to a reversion whenever discontinued by law. The acts of the appellee-city as evidence by ordinances No. 4367 and No. 4707 show a clear affirmative intent to abandon a portion of the dedicated strip. See 16 Am. Jur., Dedication, § 65, p. 412; Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 382, 383.
Public places of a municipality are held in trust by the authorities for the benefit of the people, but this principle does not prevent the vacation of the streets or portions thereof when done in the interest of the general welfare. The fact that, when abandoned, the title to the street or public place or portion thereof reverts to the adjacent owner is of no consequence if the power to vacate is present and if such power is lawfully exercised. Loeffler v. Roe, Fla.1953, 69 So.2d 331, 339; Henry L. Doherty & Co., Inc., v. Joachim, 146 Fla. 50, 200 So. 238; § 167.09, Fla.Stat., F.S.A., and McLeod v. Carr, Fla.1956, 90 So.2d 112.
We conclude that the appellee-city, by the enactment, pursuant to its authority to do so, of the aforementioned ordinances, together with evidence of non-use, abandoned the north 10 feet of the dedicated *854 strip and pursuant to the terms of the dedication, title to said 10 foot strip reverted to appellant. We do not conclude, nor do we intend by inference to hold, that the appellee-city did not accept the original dedication in its entirety, but only that by affirmative lawful act intended to and did abandon the 10 foot portion of said dedication.
Accordingly, the decree appealed is reversed with directions to the court below to enter a decree consistent with the opinions expressed herein.
Reversed with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.