293 So.2d 73 (1974)
LESLIE ENTERPRISES, INC., a Florida Corporation, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 73-893.
District Court of Appeal of Florida, Third District.
April 9, 1974.
Williams, Salomon, Kanner & Damian, Miami and Gray K. Stewart, Jr., Miami, for appellant.
Stuart Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of a final decree finding that appellant failed to prove that property which it deeded to the appellee in 1964 had been abandoned and thereby reverted to the appellant.
The property deeded consists of two and a half acres, abutting approximately ten acres of undeveloped land which appellant *74 also gave to the Dade County Board of Public Instruction. The warranty deed contains the following pertinent provision:
"In the event the above described property should be abandoned or should not be used for a public park or recreational purposes, then, and in that event, by operation of law, the title to said property shall revert to the Grantor, its successors or assigns."
On May 19, 1964, the deed was formally accepted by the resolution of the Dade County Board of Commissioners.
Thereafter, the appellant continued to pay the taxes on the property up until 1970 and also cleared the property at the request of the county. The trial judge ordered equitable reimbursement to the appellant of these back taxes in accordance with Fla. Stat. § 195.106, F.S.A.
Based upon testimony and other evidence, the court found that at present the appellant no longer owns any property in the area of the deeded land, although the appellant suggested that it hoped to increase the value of property which it owned at the time it gave the land in question to Dade County; that there was no proof that the county agreed to immediately put the property to the use for which it was donated, nor did the reverter clause provide any time limit for the same, and the appellant did not prove any loss to it by virtue of the county's failure to develop the land for park or recreational purposes.
Much of the testimony which the court heard was elicited from Mr. James R. Perkins, the chief of programming and research of the county park and recreation department. It was Perkins' opinion that a park improvement at the deeded site would cost the county about $150,000. Maintenance costs might run anywhere from $10,000 to $20,000 a year.
Perkins further testified that at present development in the vicinity of the property does not justify a park expenditure. Moreover, he indicated that the county authorities generally attempt to develop such park sites in conjunction with the School Board's efforts to construct a new school because it reduces the total amount of land required and results in a monetary savings.
Perkins added that the county will develop the park site involved in this case at approximately the same time in which the School board builds a school in the area. He estimated that a school will be built within one to four years.
Appellant raises the following issue as the basis for reversal: "... [W]hen a deed by means of which a dedication of real property is attempted contains a reverter clause providing for a return of the subject property upon the abandonment of the property or upon the failure of the grantee-county to develop it for a public park or recreational purposes, and the grantee-county does nothing during the six years following the conveyance to develop the property except to plant five trees upon it, but instead continues to tax the grantor, should the property be returned to the grantor pursuant to said reverter clause?"
This point is dissected into a twopronged attack. First, appellant maintains that a dedication to the public is contractual in nature, and therefore the county's failure to develop the park site amounts to nonacceptance of a conditional offer and failure of consideration. This contention lacks substantial merit.
Acceptance of a dedication may be accomplished by formal resolution of the proper government officials. Sebolt v. State Road Department, Fla.App. 1965, 176 So.2d 590, 594; City of Hollywood v. Zinkil, Fla.App. 1973, 283 So.2d 581, 584; see also, 10 Fla.Jur. Dedication § 17. The county commission's resolution therefore constituted acceptance of appellant's offer in this case.[1]
*75 Nor do we perceive a failure of consideration in this case such as occurred in Hancock v. Piper, Fla.App. 1969, 219 So.2d 746, cited by appellant. As an inducement in that case, Collier County represented to property owners that a canal dedication would furnish access and assist in drainage, thereby enhancing the value of the landowners' property. The evidence in this case does not establish that the appellant was induced into deeding property to the county for park or recreational purposes to increase the value of its own land. In fact, the record shows that appellant sold all its land in the area in 1968.
The next aspect of appellant's point on appeal concentrates on the question of whether or not the county's failure to develop a park was an abandonment and thereby triggered a reversion to appellant. We do not think so.
We agree with the trial judge that Dade County v. City of North Miami Beach, Fla. 1953, 69 So.2d 780 is controlling. In that case, the court stated that when no time is fixed for a reversion to take place in a deed dedicating land to a public body, a reasonable time consistent with the intention of the parties will govern.
The court pointed out that an abandonment does not result from mere nonuse, and when the public necessity is not urgent a delay will not result in abandonment. Of the reverter clause, the court said:
"It is well settled that such restrictions are not favored in law if they have the effect of destroying an estate, that they will be construed strictly and will be most strongly construed against the grantor."
Such forfeiture provisions are particularly undesirable when they operate against the public.
In its final decree, the court found that the county intends to improve the property within two to five years, presumably in anticipation of the School Board's plans to construct a school. We deem this to be a reasonable period of time.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed, however without prejudice to appellant's right to again seek relief if it should appear that the county has not made use of the property for the intended purposes at the expiration of the period which we have held in this opinion to be reasonable.
Affirmed.
NOTES
[1] The county's resolution was actually an acceptance of appellant's deed to the property. In this regard, we are of the opinion that the appellant is precluded by the doctrine of estoppel by deed. See, Daniell v. Sherrill, Fla. 1950, 48 So.2d 736.