GRIMES, Judge.
This is an appeal from a judgment declaring that the Central and Southern Florida Flood Control District (District) no longer has an easement across certain property owned by the appellees.
In 1952 appellees’ predecessor in title granted to the District a permanent easement on the following described property:
The northerly 95 feet of the southerly 200 feet of Sections 2, 3, 4 and 5, Township 44 South, Range 33 Ease. .
The easement deed contained the following reverter clause:
“It is also understood and agreed if above right of way known as Canal and Levy number LI of Central and Southern Florida Flood Control District, is not actually used within 3 years from date of this Easement Deed, said right of way automatically reverts to Parties of First Part their Heirs or assigns.”
In 1953 the District constructed the described levee within Sections 2 and 3 of the property but has never constructed any portion of the levee within Sections 4 and 5. In 1973 the District indicated to appel-lees that it was about to perform certain remedial work on Hegman Dike and that this work would involve the utilization of a portion of the easement in Sections 4 and 5 for a period of about 90 days. The ap-pellees successfully prosecuted their suit on the premise that the District’s failure to construct the levee in Sections 4 and 5 within three years of the date of the deed caused the easement on those sections to revert to them as successors of the original grantee.
The District maintains that the legal description in the deed included all of the sections as a single unit so that when the levee was built in Sections 2 and 3 within three years the easement interest became vested in the entire right of way. Thus, the issue turns on whether the revert-er clause required construction of the levee separately in each of the several sections or if a single right of way was conveyed which simply ran across four sections. We are persuaded to the District’s point of view.
The legal description makes no separation of the strip of land into four separate rights of way. The reverter mentions a single right of way, and there are no words in the description indicating the sev- *490 erability of each section of the right of way. Suppose the right of way crossed only a single section. There is nothing in the deed to suggest that any portion of the easement within that section upon which the District had not built during the three year period would revert. The reference to the sections was only for the purpose of giving a legal description of where the easement was located. Once a portion of the right of way was utilized within the three year period, the easement became permanent as to the entire right of way described in the deed.
Our holding is in harmony with several rules of statutory construction. A deed is to be construed most strongly against the grantor and most beneficially for the party to whom it is made. Reid v. Barry, 1927, 93 Fla. 849, 112 So. 846. Where a deed permits more than one interpretation, the one most favorable to the grantee should be adopted. Thompson v. Ruff, 1918, 75 Fla. 476, 78 So. 489. Conditions tending to destroy estates are not favored in the law. Dade County v. City of North Miami Beach, Fla. 1953, 69 So.2d 780.
Over the District’s objection, the appellees submitted the testimony of the grantor of the easement deed concerning her version of what the instrument meant. Assuming, without deciding, that her testimony was admissible in the face of the pa-rol evidence rule, we do not think it was probative in this case. In essence, all she said was that when the easement was granted, it was her intention that the total land would be utilized for the canal and levee and that she would not have granted the easement on all four sections had she known that construction was only going to take place on two of them.
The judgment is reversed.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.