366 So.2d 869 (1979)
BROWARD COUNTY, Florida, Appellant,
v.
James T. GRIFFEY and Shirley M. Griffey, Appellees.
No. 77-1262.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Harry A. Stewart, Fort Lauderdale, Gen. Counsel for Broward County, Alexander Cocalis and Dennis E. Lyles, Asst. Gen. Counsels, Fort Lauderdale, for appellant.
*870 Henry A. Fricke, of Spear, Deuschle & Curran, P.A., Fort Lauderdale, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment requiring Broward County to reconvey certain real property to appellees. The court found that appellees were involuntary participants in an illegal and void contract with the County by which the land was initially transferred. The basic facts are that the Broward County Zoning Board was approached by appellees requesting rezoning of their land. The Zoning Board recommended the petition be denied. The County Commission then held an advertised public hearing at which appellees, their attorney and architect presented a plan to build a 1700 unit apartment complex with attendant parking, water and sewer facilities. The minutes of this meeting reflect:
After considerable discussion, and on motion of Commissioner Whalen, seconded by Commissioner Moss and unanimously carried, the Board closed the hearing and deferred action pending the following stipulations: (1) three parking spaces per unit, two to be paved, other for green area which also can be used for parking; (2) twenty-five feet on the east side of the petitioned property for right-of-way, to be paved by petitioner; (3) golf courses to be S-2, water and recreational area to be zoned; (4) petitioner to build a fifty foot access road on State Road # 84, and to be paved in the B-3 area; (5) County has the option to purchase the northwest corner; as required by Department of Transportation, as today's price, less taxes, plus debt service, within two or three years.
Pursuant to these stipulations the County accepted a deed of land for road purposes, and a deed of land for right-of-way from appellees, along with various other agreements not necessary to determination of this appeal. The County granted the zoning change which would have enabled the Griffeys to build the apartment complex. This complex was never built and the Griffeys eventually sued the County to get the deeded property reconveyed to them. The trial court granted the relief sought and the County appeals. We reverse.
In the period of time following the rezoning the appellees were apparently unable to come to terms with their contractor. The building was not started and there was no other action in reliance shown. Eventually the County implemented a master land use plan which necessitated rezoning the subject property, along with much other land. This rezoning occurred approximately two years after the initial rezoning. The zoning under the master plan was more restrictive than the rezoned use but more liberal than the initial zoning. At public hearings on adoption of the plan appellees objected to the changes and also demanded the County return the previously conveyed land. These objections and demands were unsuccessful and appellees filed suit.
The trial court determined the original conveyance of the property was an illegal contract in which appellees were involuntary participants. The County was ordered to return the property. The zoning under the master land use plan was left unchanged.
The finding of illegality is unsupported by the facts or the law.
The apartment complex was to be a very high density area requiring additional public access and many other County services. In recognition of these public requirements and as an inducement for the zoning change, the Griffeys deeded the land for roads and right-of-way.
When the County determined it best to develop and implement its county-wide land use plan, it was necessary for various tracts, including appellees', to be rezoned. If any landowner felt this rezoning was improper, redress in court could have been sought. The Griffeys did not formally challenge the change of zoning. They only requested the County return the land.
The trial of this matter was upon the complaint of the Griffeys which alleged "the condition forced upon plaintiffs by the Zoning Board and the County Commission *871 as a condition of rezoning from T-1 to R-4A were (sic) illegally imposed." The answer included a denial of the alleged illegality and an affirmative defense of laches.
We have searched the record and find no evidence of any illegality on the part of either party. It was the Griffeys who wanted a change in order to build their 1700 unit apartment complex. It is unrebutted that the County needed the deeded land for road and right-of-way purposes if such a high density plan was to be carried through. On appeal appellees assert "conditional zoning" was forced upon them. "A zoning amendment which permits a use of particular property in a zoning district subject to restrictions other than those applicable to all land similarly classified is sometimes referred to as conditional zoning." 2 R. Anderson, American Law of Zoning § 9.20 (2d ed. 1976). The record reflects the Griffeys and their attorney "stipulated" they would deed the land. There was no hint of over-reaching or illegality or "conditional zoning" at this point. Rather, it was apparently two parties coming to a mutually satisfactory agreement. It has never been urged the County did anything to delay the Griffeys in building after they obtained the zoning classification.
The case of Hartnett v. Austin, 93 So.2d 86 (Fla. 1956) is cited by appellees in support of the trial court. In that case Burdine's Department Store wanted to buy Austin's land and build a shopping center. The city through the mayor refused to change the zoning classification unless Burdine's (1) built a wall; (2) maintained a 40' setback; (3) the setback was landscaped; (4) the neighbors were protected against glare and disturbance; and (5) Burdine's paid for additional police protection. The ordinance required reference to extraneous contracts between the city and the developer. Our Supreme Court said this bargaining away of police power was illegal and the city had no authority to enter into private contracts with property owners to attach conditions on the use of land under the zoning ordinance. In the case at bar there were no private contracts negotiated and certainly no bargaining away of the police power occurred. The County's requirement of adequate traffic flow to and through the land was a reasonable requirement without which the land was unsuitable for a high density apartment complex. There was no showing the County exacted anything from the Griffeys other than would be required of any R-4A zoning classification. The case of Hartnett v. Austin, supra, thus has no application.
We, therefore, conclude the trial court erred when it found an illegal contract. The judgment below is reversed and the cause remanded with directions to enter judgment for the defendant County.
REVERSED and REMANDED.
MOORE and BERANEK, JJ., concur.