397 So.2d 979 (1981)
J. C. VEREEN & SONS, INC., Appellant,
v.
CITY OF MIAMI, Appellee.
No. 80-1321.
District Court of Appeal of Florida, Third District.
April 21, 1981.
Rehearing Denied May 27, 1981.
*980 Prunty, Ross, Olsen & Israel and John W. Prunty, Miami, for appellant.
George F. Knox, Jr., City Atty. and Terry V. Percy, Asst. City Atty., for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The appellants, J.C. Vereen & Sons filed a declaratory action against the appellee, City of Miami, seeking recission and cancellation of conditional deed of dedication.[1] After a nonjury trial, judgment was entered *981 for the City of Miami on a finding that the property had not been abandoned and that the City was vested with complete fee simple title. We affirm.
By this appeal Vereen claims under two theories: (1) common law abandonment and (2) the statutory provisions of Sections 255.22 and 255.25, Florida Statutes (1975).
Vereen was the owner of real property with a 300 foot front along the east side of North Miami Avenue between 3rd and 4th streets. In 1953 Vereen sought a variance to encroach five feet onto property zoned but not used for street along a seventy-five foot strip. The application was rejected. The City then offered to grant Vereen the variance if Vereen would agree to dedicate to the City a conditional warranty deed to the 75' by 5' strip of property. Vereen accepted the offer. The variance was granted and by conditional deed of dedication Vereen conveyed the strip of land "for street and sidewalk purposes." By terms of the instrument of conveyance it was understood that possession of the property would not pass to the City of Miami until the City widened North Miami Avenue abutting the seventy-five foot strip of land upon which the variance had been granted. It was also understood that the encroachments for which the setback variance had been granted would be removed by Vereen when the City commenced widening the street. The requirement to remove encroachments was further made a covenant to run with and bind the property.
The reverter clause in the instrument of dedication provides as follows:
Should the grantee, by formal declaration of the Commission of the City of Miami, Florida, repeal its Ordinance creating the setback on the (subject property), then and in that event, this dedication ...., shall revert immediately to the grantor herein.
We give attention first to Vereen's argument under the common law theory of abandonment. Abandonment is a question of intent and he who asserts it has the burden of proving it. Dade County v. City of North Miami Beach, 69 So.2d 780 (Fla. 1953). In Dade County, supra, the court held that seventeen years of non-use did not constitute an abandonment on the grounds that non-use is only evidence that may or may not point to abandonment. The court noted:
It is obvious that the county was engaged in this and other extensive recreational projects, that require large outlays and that it was proceeding cautiously. It is also obvious that this was an overflow project, that portions of it were to be converted into fishing areas which required a kind of improvement new to park development. The evidence shows conclusively that the county has had this and other projects for park purposes in mind for years and that it is proceeding with them as it deems best, as circumstances warrant, as the need for them arises and means permit. The evidence shows that plans for further improvement of the park are in contemplation as soon as means and conditions justify.
Id. at 783.
Florida cases hold that there is no abandonment because of failure to improve an area where the need for the improvement has not arisen. Earle v. McCarthy, 70 So.2d 314 (Fla. 1954); Dade County v. City of North Miami Beach, supra; Leslie Enterprises Inc. v. Metropolitan Dade County, 293 So.2d 73 (Fla. 3d DCA 1974). The testimony of Donald Cather, Director of Public Works for the City of Miami, suggests that the widening of North Miami Avenue may be a necessary part of a broad scheme of later development. On cross-examination by the City he stated:
As far as I know and to the best of my knowledge, we have no plans actively designed at the present time to widen Miami Avenue. The entire plan for widening is a general plan effecting community development, development of Government Centers, final development of the People Mover, the downtown People Mover Route, the Rapid Transit, and at the time plans that might effect the street widening of Miami Avenue.
*982 When questioned as to whether there were any plans for street widening in the area, Charles Baldwin, Chief of the Highway Division of Dade County Public Works Department, responded that "A plan is being developed from I-95, which is essentially South 3rd Street to the Miami River..." We note that these streets are in the same downtown area.
In Carlor Company, Inc. v. City of Miami, 62 So.2d 897, 902 (Fla. 1953), the supreme court stated:
It is the duty of public officials to look to the future and plan for the future. In erecting public buildings and public improvements, it is likewise the duty of public officials to build and plan not only for the present but for the foreseeable future... .
The case of Woodlawn Park Cemetery Co. v. City of Miami, 104 So.2d 851 (Fla. 3d DCA 1958) relied upon by Vereen is not applicable. The court there, in finding an abandonment, held that the act contemplated by the instrument of conveyance which would activate the reverter clause, had affirmatively been done by the City of Miami. That is not the situation in this case where there is neither unconditional dedication, nor affirmative act activating reverter.
The reasoning of the court in Dade County, supra, in finding that there had been no abandonment seems appropriate here. No time was specified in the deed for abandonment to become effective (here the land would revert to the grantor if the city repealed the zoning ordinance); equity abhors a forfeiture against the public; improvements of the kind for which the dedication was made usually move slowly; and the county is moving in the direction of widening North Miami Avenue as part of a broad scheme of redeveloping downtown Miami.
Vereen also argues the fact that it was billed by the City for repair of sidewalk, and by the county for taxes, which it has paid, is further evidence of abandonment. We disagree. The bills in question bear dates from 1954 to 1974 and were clearly not the responsibility of Vereen. This issue is presented in Leslie Enterprises, Inc. v. Metropolitan Dade County, supra, where we affirmed the trial court's determination that the appellant was entitled to equitable reimbursement for back taxes in accordance with § 195.106 Florida Statutes. By the same principle, Vereen is also entitled to reimbursement from the City for costs and repairs to the sidewalks on the dedicated land.
We consider next Vereen's agreement under Sections 255.22 and 255.23, Florida Statutes (1975). Vereen is entitled to reconveyance under Section 255.22 only if he proves (a) he conveyed the land to the City without receipt of valuable consideration, (b) the city failed to use such property for the specific purpose dedicated for a period of sixty consecutive months, and (c) he is owner of land adjoining such property or at least one side.
First, the issue of consideration.[2] The recitation of consideration in a deed raises a presumption thereof, Crockett v. Crockett, 145 Fla. 311, 199 So. 337 (Fla. 1940); Wise v. Wise, 134 Fla. 553, 184 So. 91 (Fla. 1938), but is open to explanation by parol proof as to actual receipt of the consideration. Florida Moss Products Co. v. Leesburg, 93 Fla. 656, 112 So. 572 (Fla. 1927). Where the payment of a valuable consideration becomes a material question, it must be affirmatively proved by the party relying upon it, and such payment cannot be proved by the mere recital of it in the *983 deed. Ellis v. Everett, 79 Fla. 493, 503, 84 So. 617 (1920); Lake v. Hancock, 38 Fla. 53, 20 So. 811 (Fla. 1896).
It is undisputed from the record that the City made no payment of money to Vereen as consideration for the dedication. The issue then is whether the granting of the requested zoning variance is valuable consideration which supports the conveyance of an interest in real property from a private person to a municipal government. A municipality has no authority to enter into a private contract with a property owner for the amendment of a zoning ordinance subject to various covenants and restrictions in a collateral deed or agreement when such an agreement results in a contracting away of police powers. Harnett v. Austin, 93 So.2d 86 (Fla. 1956). Where, however, as here, a party seeks a variance and not a change or amendment in the zoning ordinance and there is no contracting away of police power, the deed or contract will be upheld. See, e.g. Harnett, supra, at 90 (applicant seeking outright change in zoning ordinance, not variance); Broward County v. Griffey, 366 So.2d 869 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 756 (Fla. 1980) (zoning change; deed valid where no bargaining away of police power); Housing Authority of City of Melbourne v. Richardson, 196 So.2d 489 (Fla. 4th DCA 1967) (contract valid, no change in pre-existing criteria and obligations). Compare Troup v. Bird, 53 So.2d 717, 720 (Fla. 1951) (rezoning is change in existing zoning rules and regulations, variance permits non-conforming use and may require appropriate safeguards) with Josephson v. Autrey, 96 So.2d 784 (Fla. 1957) (actual change of use and not just "non-conforming" use without prescribed standards is invalid exercise of legislative power). Nor was the ordinance confiscatory since Vereen actively sought the variance for his own benefit. Cf. Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, 108 So.2d 74, 85 (Fla. 1st DCA 1958) (ordinance arbitrarily imposed denied to property owners just compensation when property taken for public use). See also, R. Henderson, American Law of Zoning 2d § 18.04 (1976). We find no reason why the requested zoning variance should not constitute valuable consideration for purposes of Section 255.22. Accordingly, we disagree with the trial judge's finding that Vereen's conveyance by deed was without receipt of valuable consideration.
Second, even if we assume for purposes of this case that there is a conclusive presumption of abandonment under Section 255.23, Vereen still is not entitled to reconveyance because he fails to meet the third requirement of adjoining landowner. The owner of the adjoining land is not "now" the United States Government. Vereen contends that because he was divested of ownership through involuntary condemnation during the pendency of the proceeding, he is still entitled to have the statute apply to him. As a basic rule of statutory construction words are to be given their plain meaning. Tatzel v. State, 356 So.2d 787 (Fla. 1978); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981); Southwest Florida Production Credit Assoc. v. Schirow, 388 So.2d 338 (Fla. 4th DCA 1980). Under the plain meaning of the statute, Vereen is not an owner of land adjoining such property to whom there could be a reconveyance.[3]
We come now to the contention of Vereen that the trial court improperly enlarged the City's interest in the land from that of grantee under a conditional deed of dedication with the possibility of reverter to a title in complete fee simple. Section 689.18(4), Florida Statutes (1975) renders void any reverter provision contained in any deed conveying real estate executed on or after July 1, 1951 after twenty-one years *984 from date of execution.[4] Because the deed conveying Vereen's interest to the City was executed in 1953, Vereen's right to possibility of reverter expired in 1974.
For the reasons set forth above, we find Vereen is not entitled to reconveyance under Section 255.22 and 255.23, Florida Statutes (1975), affirm that part of the judgment finding no abandonment under common law and that the City of Miami is vested with complete fee simple title in the property, and remand for equitable reimbursement proceedings.
HENDRY, J., dissents.
NOTES
[1] On February 28, 1977 the trial court entered judgment on the pleadings in favor of Vereen. This court reversed and remanded the cause for trial on the merits. City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978).
[2] Vereen also presents three alternative arguments on consideration under common law abandonment presumably for the purposes of alleging the deed should be set aside. See McCoy v. Love, 382 So.2d 647 (Fla. 1979); Anders v. Anders, 143 Fla. 721, 197 So. 451 (Fla. 1940). There are several grounds for rejecting this argument and we deem the following conclusive: where a signed, sealed and properly recorded deed recites a consideration, the grantor is estopped from denying there was consideration for the purpose of destroying the effective operation of the instrument as a deed of conveyance absent an allegation of fraud. See, e.g., McCoy, supra, Hinzelin v. Bailly, 155 Fla. 837, 22 So.2d 43 (1945); Thompson on Property, 1962 Replacement, § 3125 (Grimes 1962).
[3] A legislative intent requiring reconveyance to the actual owner of adjoining land is consistent with Florida law requiring that title to an abandoned street revert to adjacent owner and not to heirs and assigns of original platters. Loeffler v. Roe, 69 So.2d 331 (Fla. 1953); Sun Oil Company v. Gerstein, 206 So.2d 439 (Fla. 3d DCA 1960), cert. denied, 211 So.2d 212 (Fla. 1968).
[4] Section 689.18 is unconstitutional only to the extent it cancels reverter provisions in deeds executed prior to July 1, 1951. Biltmore Village, Inc. v. Royal, 71 So.2d 727 (Fla. 1954); See, e.g., Trustees of Tafts College v. Triple R. Ranch, 275 So.2d 521, 527 (Fla. 1973).