PER CURIAM.
This is an appeal by the plaintiffs Luis and Maria Cruz from a final declaratory decree denying their request to have a small parcel of land declared as their property and for corresponding injunctive relief. We affirm.
In 1947, the parcel in question was dedicated for public park purposes to the City of Coral Gables by the plaintiffs’ predecessor-in-interest; the City of Coral Gables, by city commission resolution, properly accepted this dedication, and the plaintiffs’ predecessor-in-interest then gave a subsequently recorded quitclaim deed on the subject parcel to the City of Coral Gables. We agree with the trial court that the subject parcel, as dedicated, belongs to the City of Coral Gables by virtue of the above-stated actions — and that no rejection or forfeiture of the dedication is shown by the failure of the City of Coral Gables to open the parcel to the public as a park. The parcel has long been fenced off by the City of Coral Gables and may be considered, in our view, a “passive” park; certainly no abandonment of the dedication has been shown on this record. See Leslie Enters., Inc. v. Metropolitan Dade County, 293 So.2d 73 (Fla. 3d DCA 1974). For example, no affirmative act has been taken by the City of Coral Gables, as was true in Woodlawn Park Cemetery Co. v. City of Miami, 104 So.2d 851 (Fla. 3d DCA 1958) (parcel dedicated for street purposes to municipality was subsequently utilized for such purpose, save for ten feet of same which court held to be abandoned and reverted to landowner), to show that the City of Coral Gables has abandoned this parcel for park purposes; the mere failure to include same within its public park system is an insufficient showing of abandonment to trigger a forfeiture or reversion.
Beyond that, we agree with the trial court that the city commission’s passage of resolution 26513 on January 26, 1988 was an invalid action which could not, by estop-pel, create a reversion to the plaintiffs of the parcel in question. Indeed, as the trial court noted, the plaintiffs themselves referred to the parcel as “city property’ in their restrictive covenant executed February 17, 1988. Nonetheless, the plaintiffs are entitled, as the trial court ruled, to reimbursement of monies expended in reliance upon the above invalid resolution. See Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681 (1936); cf. Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla.1963); LaMar v. Lechlider, 135 Fla. 703, 185 So. 833 (1939) (one who makes improvements on land in reliance on an unfulfilled promise is entitled to reimbursement); Corona Proper *1198 ties of Fla., Inc. v. Monroe County, 485 So.2d 1314 (Fla. 3d DCA 1986); Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 777 (Fla.1981). See generally 9 Fla.Jur.2d Cancellation, Reformation, and Rescission of Instruments § 34 (1979).
The final declaratory decree is therefore, in all respects,
Affirmed.