592 So.2d 1213 (1992)
Matthew L. LEIBOWITZ and Debra Leibowitz, Appellants,
v.
The CITY OF MIAMI BEACH, a Florida Municipal Corporation, et al., Appellees.
No. 91-1484.
District Court of Appeal of Florida, Third District.
January 28, 1992.
*1214 Matthew L. Leibowitz and Anthony T. Lepore, Miami, for appellants.
Laurence Feingold, City Atty. and Patrick N. Brown, First Asst. City Atty., for appellee City of Miami Beach.
Pardo & Pardo and Joseph Pardo, Miami, for appellee Joseph Pardo.
Before JORGENSON, LEVY and GODERICH, JJ.
GODERICH, Judge.
The plaintiffs, Matthew and Debra Leibowitz [the Leibowitzes], appeal from a final judgment finding that the City of Miami Beach [the City] had not abandoned an easement which runs immediately adjacent to their home. We affirm.
The easement, which was dedicated in 1939 "for street and sidewalk purposes," is a twenty foot strip of land running from the main street to Biscayne Bay and widening to thirty feet at the bay. An aerial photograph of the island, taken in 1941, indicates that there was an asphalt or concrete sidewalk on the easement. However, in 1948, the City removed the sidewalk for the purpose of installing a storm sewer outfall on the easement. The City has not reconstructed the sidewalk, nor does it have any plans to reconstruct the sidewalk. Nonetheless, the grassy easement has been used by pedestrians to access the bay. Additionally, ad valorem taxes have never been assessed against the easement.
The main contention raised on appeal by the Leibowitzes is that the City, by removing and never reconstructing the sidewalk, has abandoned the easement. We disagree.
Abandonment of an easement is a question of intent and the burden of proof is on the person asserting abandonment. Dade County v. City of North Miami Beach, 69 So.2d 780, 783 (Fla. 1953); see also, Enos v. Casey Mountain, Inc., 532 So.2d 703 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 988 (Fla. 1989); City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978). The person asserting abandonment must demonstrate that there was a "clear affirmative intent to abandon" the easement. Woodlawn Park Cemetery Co. v. City of Miami, 104 So.2d 851, 853 (Fla. 3d DCA 1958); see also, Cruz v. City of Coral Gables, 560 So.2d 1196 (Fla. 3d DCA 1990).
The City's act of removing the concrete sidewalk and failing to rebuild the sidewalk does not demonstrate that the City clearly intended to abandon the easement. The easement, even in its grassy state, can be used and is still being used for its contemplated purpose  walking. Additionally, the fact that the City has never assessed ad valorem taxes against the property lends support to the City's position that they did not abandon the easement. See generally, City of Miami *1215 Beach v. Undercliff Realty & Inv. Co., 155 Fla. 805, 21 So.2d 783 (1945) (collection of taxes is inconsistent with city's position that the subject property had been dedicated for public use). Under the instant facts, the Leibowitzes failed to meet their burden of establishing that it was the City's "clear affirmative intent to abandon" the easement.
In light of our disposition of this issue, the remaining issues raised by the Leibowitzes are moot.
Accordingly, we affirm.