WARNER, J.
The Taylors appeal a final judgment denying First National Bank of Chicago’s complaint to foreclose the mortgage on their home but ordering the Taylors to pay the bank monies on the mortgage, essentially rewriting the loan instruments. We affirm the final judgment to the extent it denied foreclosure, but reverse that portion of the final judgment that rewrote the terms of the mortgage.
First National Bank of Chicago filed an action to foreclose a mortgage on a home owned by the Taylors. After numerous legal skirmishes, including an appeal to this court of a final summary judgment granting foreclosure, see Taylor v. First Nat’l Bank of Chicago, 789 So.2d 480 (Fla. 4th DCA 2001), the trial court held a final hearing and found in favor of the Taylors. On the central point of whether the Tay-lors had defaulted by failing to pay the escrow payments for taxes and insurance, the court determined that the Taylors had paid their mortgage in accordance with the terms to which they had agreed. The bank had breached its contract by demanding additional payments not contemplated in the mortgage. It also found that the bank had refused the Taylors’ tender of the mortgage payment due and owing. Therefore, the court denied foreclosure, reserving jurisdiction to award attorney’s fees to the Taylors.
Because the bank refused the Taylors’ mortgage payments for several years, the court considered how the principal and interest still due pursuant to the mortgage should be paid. The court fashioned an equitable remedy in which the bank was required to compute the amount of principal and interest outstanding, minus interest during the time the bank refused tender of payments, together with the amount advanced for taxes and insurance. The Taylors then were directed to recommence their monthly payments six months after the date of final judgment, with the amount advanced on taxes and insurance to be paid off on the back end of the loan through an extension of the mortgage period. Failure to reinstate the mortgage in this fashion would entitle the bank to foreclose.
As equitable and fair a solution as we might agree that the trial court devised, *567 the court erred in restructuring the mortgage obligation where this relief was never requested in the pleadings, nor agreed to by the parties. See Sabine v. Sabine, 884 So.2d 959, 960 (Fla. 2d DCA 2003) (holding that a judgment that is not based on an issue that is framed by the pleadings, noticed for hearing, or litigated by the parties, may not stand).
The trial court’s order amounted to a modification of the contractual agreement of the parties. We distinguish this case from Rivers v. Amara, 40 So.2d 364 (Fla.1949), on which the trial court relied. There, both parties had applied for equitable relief, the mortgagor seeking to cancel the mortgage, and the mortgagee seeking to foreclose, and the court fashioned an equitable remedy revising the agreement. Here, the trial court had dismissed the Taylors’ equitable claims and request to cancel the mortgage. Thus, the only pleadings before the court requested acceleration of the loan and foreclosure of the mortgage.
We affirm the denial of the mortgage foreclosure but reverse and remand to vacate that portion of the final judgment restructuring the mortgage debt. Our reversal is without prejudice to the appellee pursuing other remedies for sums due, if any, under the mortgage in a new proceeding.
KLEIN and TAYLOR, JJ., concur.